MITCHELL *v.* STATE.

Opinion delivered December 10, 1904.

1. INSTRUCTION—REASONABLE DOUBT.—The defendant in a murder case asked the court to instruct the jury that "the defendant is entitled to the benefit of every reasonable doubt, and by a reasonable doubt is meant that, unless you have a firm and abiding conviction, to a moral certainty, of the truth of the charge, you must acquit the defendant. This benefit of a reasonable doubt is a substantial right of the defendant, and applies to the whole case, *and also to each and every phase of the case; and if you have such reasonable doubt, you should find the defendant not guilty.*" The court struck out the italicized clauses and gave the remainder. Other portions of the court's charge were not set out in the bill of exceptions. *Held,* that the modification was not erroneous; and that, if it were, it would be presumed that it was covered by other portions of the court's charge. (Page 293.)

2. HOMICIDE—INSTRUCTION—READING THE STATUTE.—In a murder case it was not error to read as instructions to the jury sections 1643-5 and 1676 of Sandels & Hill's Digest. (Page 294.)

3. REMARKS OF COUNSEL—PRESUMPTION AS TO PREJUDICE.—Where defendant, accused of murder, sought to establish the plea of self-defense, and the transcript shows that the prosecuting attorney argued to the jury "that the burden of proof was on defendant to establish his

defense," but fails to set out the language used, it will not be presumed that it was prejudicial to defendant, as the prosecuting attorney may have only asserted in argument the substance of Sandels & Hill's Digest, section 1643, providing that, "the killing being proved, the burden of proving circumstances of mitigation that justify or excuse the homicide shall devolve on the accused," etc.   (Page 294.)

4.   HOMICIDE—EVIDENCE—HARMLESS ERROR.—Error of the court in refusing to permit the defendant in a murder case to prove that deceased was in the habit of carrying a pistol was not prejudicial where defendant was permitted to prove the bad reputation of deceased as a quarrelsome, turbulent and dangerous man, and there was undisputed testimony that he had drawn a pistol on defendant at the time he was killed.   (Page 294.)

5.   WITNESS—IMPEACHMENT.—Where a witness admitted the contents of a paper and denied its correctness, there was no error in refusing to permit the paper to be read in order to impeach him.   (Page 295.)

Appeal from Hempstead Circuit Court.

JOEL D. CONWAY, Judge.

Affirmed.

*T. E. Webber,* for appellant.

*George W. Murphy, Attorney General,* for appellee.

McCULLOCH, J.   The appellant was indicted for the crime of murder in the first degree by killing one Vance Conway, and was tried thereon and convicted of murder in the second degree, and his punishment fixed at ten years' confinement in the penitentiary.   He filed his motion for new trial, assigning various grounds which we will mention in the opinion as far as deemed material, and, the same being overruled, he has appealed to this court.

The killing, which is admitted by appellant, occurred while he and deceased were engaged in a game of craps with several other men, and appellant claims that he acted in self-defense. The State introduced five witnesses, who were eyewitnesses to the killing, from whose testimony it appears that appellant and deceased had a few angry words concerning the game as to whether the dice in use should be changed, and about ten or fifteen minutes later deceased walked a few steps to a negro named Jim

Williamson, and, running his hand under the bosom flap of Williamson's overalls, was pulling a pistol therefrom. The witnesses do not agree as to whether deceased had got the pistol out when appellant began firing. One says he saw no pistol in the hand of deceased, but saw it on the ground near the body after deceased had fallen, and that appellant began firing as soon as deceased ran his hand in Williamson's bosom. All the other witnesses say that deceased had drawn or partially drawn the pistol when appellant opened fire. Appellant fired the first two shots in rapid succession, when deceased ran away twelve or fifteen feet in the direction of a small stump where he fell dead, appellant firing two more shots as deceased ran away. An examination of the body of deceased disclosed the fact that he was shot twice in the back between the shoulders, once in the side, a glancing shot, and also received a shot through his hat.

Appellant, testifying in his own behalf, said that when he fired the first shot, deceased had drawn the pistol from Williamson's bosom, and was raising it; that he (appellant) continued to fire until deceased fell, as he thought deceased was retreating only for the purpose of getting shelter behind the stump.

Several witnesses introduced by appellant testified to the bad reputation of deceased for being turbulent, quarrelsome and overbearing. He offered to prove by the same and other witnesses, for the purpose of illustrating and showing the character of deceased, that he (deceased) habitually carried a pistol, but the court refused to permit it.

1. The appellant asked ten instructions in writing, which are set forth in the record, numbered consecutively from 1 to 10, and the court refused to give either as asked, but amended Nos. 1, 2, 5, 7 and 9, and gave them as amended. The record does not disclose the form or substance of the amendments, so we must presume, in the absence of any information on that subject, that the amendments were correct and not prejudicial to appellant.

Instruction No. 10 asked by appellant was as follows: "The defendant is entitled to the benefit of every reasonable doubt, and by a reasonable doubt is meant that, unless you have a firm and abiding conviction, to a moral certainty, of the truth of the

charge, you must acquit the defendant. This benefit of a reasonable doubt is a substantial right of the defendant, and applies to the whole case, and also to each and every phase of the case; and if you have such reasonable doubt, you should find the defendant not guilty." The court modified this by striking off the words in conclusion, "and also to each and every phase of the case; and if you have such reasonable doubt you should find the defendant not guilty," and gave it to the jury as so modified. We see no error in the modification; and if there were, we would presume that it was covered by other portions of the court's instructions not set out in the record.

The court also read, as instructions to the jury, sections 1643, 1644, 1645 and 1676, Sandels & Hill's Digest, to which appellant excepted. There was no error in this.

2. The transcript further shows that the prosecuting attorney, in the closing argument, was permitted, over objection of appellant, to argue to the jury "that the burden of proof was on defendant to establish his defense," and that he excepted. The language used by the prosecuting attorney is not set forth in the record, except the statement as above, so we are unable to determine whether it was a proper argument or not. We can not presume that it was prejudicial to appellant. The prosecuting attorney may have only asserted in argument the substance of section 1643, Sandels & Hill's Digest, as read by the court to the jury, that, "the killing being proved, the burden of proving circumstances of mitigation that justify or excuse the homicide shall devolve on the accused," etc. Woodruff v. State, 61 Ark. 157.

3. Appellant further complains that the court refused to permit him to prove, for the purpose of illustrating the character of deceased, that he was in the habit of carrying a pistol. We fail to see any error in this ruling of the court. Appellant was permitted to prove by many witnesses the bad reputation of deceased as a quarrelsome, turbulent and dangerous man. The undisputed testimony established the fact that deceased had a pistol at the time he was killed and drew it. Nothing could have been added to the strength of appellee's defense by proof that deceased carried a pistol habitually. If appellant had been acting under the bare fear of danger, and the proof showed that

deceased was unarmed, such proof of known habits of the deceased in carrying deadly weapons might have been competent, with other circumstances, to justify the fears of appellant; but under the facts of this case, as shown by the record, such proof was neither necessary nor competent.

4. Alf Roberts, one of the witnesses introduced by the State, testified that deceased put his hand in Williamson's bosom, but did not draw a pistol before appellant fired. On cross-examination, he denied that he had testified in the examining court that deceased drew the pistol, but, when shown the notes of the justice before whom the examination was held, admitted the genuineness of his signature thereto, and claimed that his testimony had not been taken down correctly. Appellant proved by another witness that the testimony in the examining court was read over to the witness before signing, and then offered the notes of the justice signed by the witness to contradict him, but the court refused to permit it. Inasmuch as the witness admitted the contents of the written statement offered in contradiction and his signature thereto, and denied only its correctness, the only issue upon which he could have been contradicted was as to whether or not his former statement had been correctly written down. So, the contents being admitted, there was no error in refusing to permit the paper itself to be read to the jury. Moreover, the State proved by other witnesses that deceased drew, or partially drew, the pistol from Williamson's bosom before appellant fired the first shot, and he was not prejudiced by the refusal to permit him to prove the contradictory statement of this witness.

The same applies to appellant's offer to contradict the testimony of witness Walter Block in the same manner. The former statement of Block, which appellant sought to introduce in contradiction, was to the effect that deceased had a pistol on that day before the shooting.

The testimony in the case was ample to support the verdict, and, as we find no error, the judgment is affirmed.