PENNEWELL *v.* STATE.

Opinion delivered September 30, 1912.

1.  OFFICERS—NONFEASANCE—FAILURE TO ARREST MOB.—In a prosecution of peace officers for failing to arrest persons who had riotously assembled for the purpose of lynching a prisoner confined in jail, it was not error to give in charge to the jury sections 2524, 2526, 2528, Kirby's Digest, relating to the  duty of officers in such case. (Page 36.)

2.  SAME—NONFEASANCE.—Police officers were not guilty of nonfeasance in office in failing to arrest members of a mob who were about to lynch a prisoner if they were not able to make the arrests, or if they did not know that the mob intended to lynch the prisoner.  (Page 36.)

3.  SAME—NONFEASANCE—FAILURE TO ARREST MOB—INSTRUCTIONS.— In a prosecution of peace officers for failure to arrest members of  a mob assembled for the purpose of lynching a prisoner, an instruction that if the defendants "neglected, failed or refused" to arrest such persons the jury should find them guilty was not open to a general objection because it made the defendants liable whether they were able to make such arrests or not.  (Page 36.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

### STATEMENT BY THE COURT.

The defendants, Pennewell, Lacey and Jarnigan, were indicted for nonfeasance in office alleged to have been committed by failing and refusing to arrest or cause to be arrested certain persons who had riotously assembled in the city of Fort Smith for the purpose of lynching a prisoner confined in jail. At the trial evidence was adduced by the State substantially as follows:

The defendants, Pennewell, Lacey and Jarnigan, were policemen in the city of Fort Smith and were on duty on the night of the 23d of March, 1912; about 10 o'clock P.M. a negro, Sanford Lewis, was arrested by officer Pitcock for quarreling with two negro women on the streets of Fort Smith. The defendant Jarnigan arrested one of the negro women and the other escaped; Sanford Lewis jerked away from Pitcock, but was pursued and was recaptured by John Williams. During the time of his escape some one shot Andrew Carr, a deputy constable. It was thought at the time that Sanford Lewis had shot him, and it was so reported on the streets of the city. After his recapture, Sanford Lewis was placed in charge of the defendant Lacey and officers Danna and Phillips, who carried him to the jail. In the meantime the defendant Pennewell went to the assistance of the defendant Jarnigan and helped him to convey the negro woman to the jail. After the defendants arrived at the jail with their prisoners a mob variously estimated from one hundred to several hundred persons assembled around the jail and threatened to lynch the negro prisoner, Sanford Lewis. The threats of lynching were made in the presence and hearing of the defendants. The defendants, without taking any action in the matter, went on about their duties to other parts of the city; later on they returned to the jail with other prisoners, and in the meantime a mob had broken into the jail and had secured Sanford Lewis and had taken him out and lynched him. The defendants made no efforts to disperse the mob that had assembled for the purpose of lynching Sanford Lewis, and made no efforts to arrest any of them.

The evidence adduced by the defendants is substantially as follows:

When they put Sanford Lewis and the negro woman in jail, they did not see any great number of persons assembled around the jail, and did not hear any threats to lynch the prisoner Lewis. They were informed of some disturbances in the precincts which they were required to patrol, and immediately went back to perform their duties there. Later on they returned to the jail with other prisoners, and then learned that Sanford Lewis had been lynched during their absence. The evidence introduced by them shows that they did not know at any time that a mob had assembled for the purpose of lynching Sanford Lewis, or any other prisoner, and that they were not advised that Sanford Lewis had been lynched until after their return to the jail with other prisoners. At the request of the State the court gave the following instructions:

"1. Section 2524, Kirby's Digest. All militia officers and others who shall be so summoned shall give prompt obedience to such officer.

"Section 2526, Kirby's Digest. If the persons assembled do not immediately disperse, the magistrates and officers must arrest them or cause them to be arrested, that they may be punished according to law, and may command to their aid all persons present or in the county.

"Section 2528, Kirby's Digest. If such magistrate or other officer, having notice of an unlawful or riotous assembly, neglect to proceed to the place of assembly, or as near as he can with safety, and exercise the authority invested in him to suppress the same and arrest the offenders, he is guilty of a misdemeanor.

"No. 2. If the jury find from the evidence, beyond a reasonable doubt, that defendants were policemen and peace officers of the city of Fort Smith, in said county and district, and that there was at the time set out in the indictment (or at any time within twelve months before the return of the indictment) unlawfully and riotously assembled at the city jail in the city of Fort Smith an unlawful mob or riotous people, more than twenty in number, for the purpose of doing an unlawful act, and if you further find that said defendants were

present at any time while such mob was assembled, and witnessed or knew that said unlawful and riotous assembly of persons had gathered at the city jail for an unlawful and felonious purpose, and neglected, failed or refused to arrest; or cause to be arrested, the persons so assembled or any of them, who had so unlawfully and riotously assembled at said city jail, you will find the defendants guilty.

"No. 3.   If the defendants were unable to arrest the persons riotously and unlawfully assembled on account of the large number there assembled, it was their duty to command all persons present to aid them, and, if they were unable to make arrests, and neglected, failed or refused to command to their aid persons present, you will find the defendants guilty.

"No. 4.   By a reasonable doubt, mentioned in the instructions given you, is meant a doubt that is reasonable, not a captious, imaginary or possible doubt, but such a doubt which, after the entire comparison and consideration of all the evidence in the case, leaves your minds in such a condition that you do not feel that you have an abiding conviction, to a moral certainty, of the truth of the charge against the defendants."

At the request of the defendants the court gave the following instruction:

"4.   You are instructed that the defendants are presumed to be innocent, and this presumption attends them through the trial, and shields them from conviction, until their guilt is established from the evidence on the part of the State beyond a reasonable doubt."

The jury rendered a verdict of guilty and fixed the punishment of each of said defendants at a fine of one hundred dollars, and the defendants have appealed.

*Styles T. Rowe* and *Cravens & Cravens,* for appellant.

*Hal. L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

Our statute is a re-enactment of the common law.   The reading of the three sections of our statute to the jury was proper.   Kirby's Dig., § § 1520-3, 2524-6-8; 1 Bish. Cr. Pr. § § 166, 171, 183; 1 Bish. Cr. Law, § § 168-a and 849; 5 C. & P. 282, 24 E. C. S. 566.

HART, J., (after stating the facts).   The defendants insist that the court erred in giving instruction No. 1 to the jury, but we can not agree with their contention in this behalf.   The instruction was not intended as a concrete application of the law to a particular state of facts, but the instruction embodies several sections of the statute relating to and defining the offense charged against the defendants.   The several sections of the Digest contained in the instruction are parts of the same statute, and are so closely related to one another that each to some extent explains or controls the meaning of the others. Therefore, it was proper to give them all in charge to the jury. *Brown* v. *State*, 55 Ark. 593; *Mitchell* v. *State*, 73 Ark. 291.

It is next urged by the defendants that the court erred in giving instructions numbered 2 and 3 to the jury. Of course, it can not be said that the defendants would be guilty of the offense charged against them if they failed in any event to arrest or cause to be arrested the persons composing the mob who had assembled for the purpose of lynching the prisoner Sanford Lewis.   The defendants might not have been able to have made the arrests, and, according to the testimony adduced by them, they did not know that the mob had assembled for the purpose of lynching the prisoner.   If either of these things were true, they would not have been guilty, and this phase of the case was covered by the instructions given by the court.   The court in the instruction complained of evidently used the word "failed" in the sense of nonperformance of duty—that is, an equivalent of neglect. It is manifest, when the instructions are read together, that the court used the words, "fail, refuse and neglect," in substantially the same sense.   As used by the court, they all contemplate the failure to come up to the requirements of the statute on the part of the defendants.   If the defendants thought otherwise, they should have made specific objection to the instructions, and doubtless the court would have changed the verbiage to meet their objections.   The defendants asked the court to give to the jury several instructions which were refused.   We do not deem it necessary to set out these instructions or to make any extended comment upon them.   It is sufficient to say that the court did not commit any error in refusing to give them.   The case was submitted to the jury

on instructions that fully and fairly covered every phase of
the offense of which the defendants were charged, and the
evidence on the part of the State was sufficient to warrant
the jury in convicting the defendants.

The judgment will be affirmed.