Ramick v. State.

4471                                        208 S. W. 2d 3

Opinion delivered January 19, 1948.

Rehearing denied February 23, 1948.

J. M. Brice, Peyton D. Moncrief, Virgil R. Moncrief and John W. Moncrief, for appellant.

Guy E. Williams, Attorney General, and Oscar E. Ellis, Assistant Attorney General, for appellee.

Holt, J. Odell Ramick was charged with murder in the first degree, committed by killing his former wife. He was convicted of voluntary manslaughter and his punishment fixed at seven years in the penitentiary. From the judgment is this appeal.

For reversal, appellant argues (1) that the court erred in holding the testimony of Bobbie Jean Stiers competent and admissible, and (2) that "the court erred in refusing to admit the offered testimony of Robert Poteet (at Eagle's Dance Hall), that on an occasion at Eagle's Dance Hall one Austin Alley, who later married the then wife of defendant, engaged in a controversy with defendant and made the statement that he, Austin Alley, would shoot or kill defendant, that defendant walked away from Alley and Alley followed defendant

and continued the controversy until some stranger interfered and told him to be quiet.''

Appellant was the former husband of Emma Della Alley. There were only two eyewitnesses to the killing, appellant and deceased's eight year old daughter. Appellant testified that on October 19, 1946, after Emma Della had married Alley, he, appellant, went to the apartment of his former wife to procure some personal belongings. Finding the door unlocked, he entered. There was no one in the apartment at the time. After procuring some personal effects, including a loaded pistol, which he carried in his hand, he started to leave and met his former wife and her small daughter in the hallway, that upon seeing him, Mrs. Alley became enraged, struck him, used harsh words, and because of a crippled condition of his feet, he did not have good control of his body, he fell against the wall, the pistol was accidentally discharged, the bullet striking and killing Mrs. Alley.

Bobbie Jean testified, in effect, that while she was in the doorway of the apartment house, her mother was in the landlord's room making a phone call. Appellant came in, went upstairs, came back down, ''and mother was coming out of that landlord's room and they started in fighting and she pushed him against the wall and the gun was fired. I couldn't see what kind of gun it was, but it was fired and she fell. . . . Q. When you were standing there in the door, what made your mother shove Odell? A. Because he started in fighting her. Q. How did he start in fighting her? A. Well, I think he just hit her,'' and that Ramick, after the shooting, ran from the house and that was the last she saw of him. There was other evidence of a corroborative nature, which we think it unnecessary to detail. It suffices to say that after a review of all the testimony, we think it was ample to support the jury's verdict, and in fact, would have warranted a conviction of a higher degree of homicide.

(1)

There was no error in admitting the testimony of the little girl. She showed herself to be of average intelli-

gence and able to comprehend the meaning of an oath, and no abuse of the court's sound discretion in permitting her to testify has been shown. The admissibility of this character of testimony was thoroughly discussed by this court in the recent case of *Hudson* v. *State,* 207 Ark. 18, 179 S. W. 2d 165, wherein the child witness was seven years of age. There, in holding that the trial court properly permitted the child's testimony to go to the jury, we said: (Headnote 2.) "If a child-witness, when offered, has capacity to understand the solemnity of an oath and to comprehend the obligation it imposes, and if in the exercise of a sound discretion the trial court determines that at the time the transaction under investigation occurred the proposed witness was able to receive accurate impressions and to retain them to such an extent that when testifying the capacity existed to transmit to fact-finders a reasonable statement of what was seen, felt, or heard— then, on appeal the Court's action in holding the witness to be qualified will not be reversed."

## (2)

Appellant's second contention, *supra,* that the court erred in refusing to admit the testimony of Poteet is untenable. Appellant argues in support of this contention that threats of Austin Alley against Ramick tended to show Alley's hostile feelings toward Ramick and that this hostility "could have contributed to decedent's present hostility" toward appellant and therefore Poteet's testimony should have been admitted as bearing upon the hostile attitude of deceased toward Ramick. As indicated, the testimony related to certain threats that Austin Alley, the husband of Mrs. Alley, is alleged to have made against appellant, Ramick, at a dance hall, in the absence of Mrs. Alley and some time (the length of time not being shown) prior to the killing. There is no contention that deceased made any threats against appellant. In short, appellant sought to introduce testimony relating to a difficulty between himself and a third party in the absence of deceased. The court did not err in excluding this testimony.

Affirmed.