BATCHELOR *v.* STATE.

4606                                                   230 S. W. 2d 23

Opinion delivered May 22, 1950.

*Ike Murry,* Attorney General, and *Robert Downie,* Assistant Attorney General, for appellee.

DUNAWAY, J. Appellant Batchelor was convicted of the crime of rape upon his eight-year-old daughter and the penalty was fixed by the jury as life imprisonment.

The evidence on the part of the State disclosed these facts: About May 30, 1947, appellant was living in a house with his former wife and their four children, including his eight-year-old daughter, the prosecuting witness. The family was working in the cotton fields. On the day in question appellant sent the child's mother from the house to the mail box which was about one-half mile distant. During Mrs. Batchelor's absence, appellant

laid his daughter on the bed, removed her underclothes and had sexual intercourse with her. Appellant continued the act until he observed Mrs. Batchelor returning toward the house. The child was bleeding from her private parts and appellant wiped up the blood with some rags which he then put under the bed. When Mrs. Batchelor reentered the house and asked what had happened to their daughter, appellant told her the child had fallen over a bed post and injured herself.

About one month later, at which time the child's mother was no longer living with the family, appellant repeated the act of intercourse with his daughter.

In March, 1949, when a child welfare worker from the State Welfare Department was investigating the Batchelor home, these facts first came to light. It was then that the little girl told of the attacks upon her by her father, she having been afraid to say anything before because of appellant's threats to "beat her up." Appellant was arrested March 17, 1949, charged by information with the crime of rape, and tried November 21, 1949.

No abstract or brief has been filed by appellant, but we have carefully considered all assignments of error made in the motion for new trial.

Appellant complains of the testimony of the prosecuting witness on several scores. It is contended first that she was not a competent witness because of her youth. The rule in regard to the competency of a child's testimony was stated in *Hudson* v. *State*, 207 Ark. 18, 179 S. W. 2d 165, where we said at page 22: ". . . if the child-witness, when offered, has capacity to understand the solemnity of an oath and to comprehend the obligation it imposes, and if in the exercise of a sound discretion the trial court determines that at the time the transaction under investigation occurred the proposed witness was able to receive accurate impressions and to retain them to such an extent that when testifying the capacity existed to transmit to fact-finders a reasonable statement of what was seen, felt, or heard,—then, on appeal, the Court's action in holding the witness to

be qualified will not be reversed." There a child of seven years was allowed to testify. See, also, *Ramick* v. *State,* 212 Ark. 700, 208 S. W. 2d 3 (a child eight years old testified); *Needham* v. *State,* 215 Ark. 935, 224 S. W. 2d 785 (a child eight years of age testified as to rape committed upon her person).

It is also urged that error was committed by the trial court in having the child repeat a part of her testimony. While the little girl was testifying counsel for the defendant objected that the witness had not been sworn. It developed that this was true, and after having her duly sworn the trial court had the witness give her entire testimony under oath. There was no error in the court's action in remedying the very defect in the proceedings which had been called to the court's attention by appellant's objection.

In connection with his daughter's testimony appellant also argues that error was committed when the welfare worker whom she had first told of the crime was asked by the prosecuting attorney if the little girl had not told substantially the same story on several occasions. The court sustained an objection by defense counsel to this line of questioning. No request was made that the jury be admonished to disregard the witness' answer after the court sustained counsel's objection. No error was committed.

Another alleged error was the admission in evidence of a certain letter to his "wife," which appellant had written while in jail. The letter was intercepted by the jailer, who testified that he was familiar with appellant's handwriting and that appellant had written the letter. At the trial introduction of the letter was objected to on the ground that it was privileged. Although there is a division of authority on this question, this court has decided the issue contrary to appellant's contention. An incriminatory letter written by an accused to his wife, which has come into the hands of a third party was held admissible in *Hammons* v. *State,* 73 Ark. 495, 84 S. W. 718, 68 L. R. A. 234, 108 Am. St. Rep. 66, 3

Ann. Cas. 912, and *Hendrix* v. *State*, 200 Ark. 973, 141 S. W. 2d 852.

Appellant also complains of the testimony of one witness as to statements made by appellant at a *habeas corpus* hearing which preceded the trial. These statements were to the effect that the child had hurt herself when she fell on a bed post and that he had wiped blood from her with clean rags and put the rags under the bed. These were self-serving declarations; the testimony complained of was not prejudicial.

A number of assignments of error have to do with instructions refused by the trial court. It is sufficient to say that the instructions as given by the court fully covered all matters contained in the defendant's requested instructions. There was no error in refusing to give repetitious instructions.

Finally, the contention is made that the prosecuting attorney in his closing argument improperly referred to newspaper accounts of the great number of sex crimes being committed in this country. The argument complained of does not appear in the bill of exceptions, nor is it shown that any objection was made to the prosecuting attorney's remarks. Since the language used by the prosecuting attorney is not set forth in the record we are unable to determine whether the argument was proper. We cannot presume it was prejudicial to appellant. *Mitchell* v. *State*, 73 Ark. 291, 83 S. W. 1050.

The evidence was sufficient to sustain the verdict; no error appearing in the trial of the cause, the judgment is affirmed.

GRIFFIN SMITH, C. J., not participating.