HEINEMANN DRY GOODS COMPANY v. SCHIFF.

Opinion delivered February 9, 1925.

1. APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—A question as to the sufficiency in form of a judgment sued on cannot be raised for the first time on appeal.

2. JUDGMENT—SUFFICIENCY OF ANSWER.—In an action on a judgment, an allegation of the answer that defendant "denies that judgment was entered by said court in favor of the plaintiff for the sum of $435 or any other sum" is not sufficient to raise a

specific issue as to the sufficiency of the form of the judgment sued on.

3.   EVIDENCE—AUTHENTICATION OF JUDICIAL RECORD.—A judgment of the New York Municipal Court, signed by a certain judge, may subsequently be authenticated by another judge of the same court, within U. S. Comp. St. § 1519, in view of the method of rotating judges of such court pursuant to Sess. Laws N. Y. 1915, c. 279.

4.   JUDGMENT—AUTHENTICATION OF FOREIGN JUDGMENTS.—Municipal courts of the city of New York are courts of record within U. S. Comp. Stat. § 1519, relating to the authentication of judicial records and proceedings.

5.   WITNESSES—PRIVILEGE OF ATTORNEY.—Testimony of an attorney that he entered defendant's appearance pursuant to defendant's authorization was not incompetent as being a privileged communication between attorney and client, in view of the serious charge against the attorney that he had entered defendant's appearance without authority.

Appeal from Craighead Circuit Court, Jonesbore District; *G. E. Keck,* Judge; affirmed.

*A. P. Patton,* for appellant.

The document in the transcript purporting to be a judgment is a mere finding of the court, which might be sufficient to authorize the entry of a judgment. There is a distinction between decisions and findings and judgments, and a finding cannot be treated as a judgment 33 C. J. p. 1052. Judgments, § 6 subd. 5. The finding referred to would not be considered a judgment in New York.   25 Fla. 654, 6 Sou. 261; 15 R. C. L. p. 570. §§ 3 and 4; 3 A. L. R. 176; 23 Cyc. 668. § 5, judgment; 15 Ark. 266; 84 N. Y. Supp. 151; 1 Black on judgments (2nd. Ed.) p. 162, § 115; 108 N. Y. S. 161; 196 N. Y. 511. It was not proper to introduce the purported judgment as it recites liability in favor of a partnership, whereas the pleadings show an action by the individual members of a partnership.   75 Ark. 461.   There is a material variance in the declarations in the complaint and the transcript with reference to the amounts sued for and cost.   7 Ark. 369.

*Cooley, Adams & Fuhr,* for appellee.

The New York court had jurisdiction, 93 N. Y. 592; 49 N. Y. 303. The action of the New York attorney is behalf of appellant was warranted. 25 Ark. 144. The presumption is in favor of the validity of the proceedings in the New York court, and the burden of proof is on appellant. 15 R. C. L. pp. 876-877, § 354; 16 Ark. 28; 77 Ark. 303; 76 Ark. 534 103 Ark. 484; 222 Fed. 453; 15 Standard Enc. Proc. pp. 644-45. All necessary facts are present to show the court a court of record. 10 Enc. Er. pp. 1017-1018; 15 R. C. L. 592; 167 N. Y. Supp. 154; 163 N. Y. S. 70. Any one of the judges may certify to the record. 10 Enc. Ev. 1024-1028; 47 How. Pr. (N. Y.) 470; 18 N Y 86; 14 La Ann 392; 9 Ala 716 The municipal court code, § 125 dispensed with the requirement of formal decision preceding entry of formal judgment. The judgment was signed by the judge and the required certified copies of pleadings etc. accompanied the transcript. 47 Ark. 120; 70 Ark. 343; 90 Ark. 199. The entry is sufficient as it shows that the issue was passed upon. 99 Ark. 433; 15 R C. L. 592-3; 15 Stand. Proc. p. 22 *et seq.* 46 Hun. 201; 21 N. Y. Sup. Ct. 448; 92 N. Y. S. 51, 101 App. Div. 500· There is no variance between the complaint and judgment. Default judgment carries costs with it, and they were added. 85 N. Y. 253. Substantial compliance with the statute as to mode of entering judgment and filing same is all that is necessary. 17 N. Y. 445; 9 How. Pr. 86; 25 N. Y. 489; 52 N. Y. 434. Appellant's objection to the form of the judgment comes too late. 234 U. S. 738, 34 Sup. Ct. 902, 58 L. Ed. 1570. Presumption is in favor of authority of attorney to enter appearance. 6 C. J. 636; 23 Cyc. 917; 155 Fed. 835; 36 Neb 749; 84 Ark. 527. His authority may be proved by himself. 2 Enc. Ev. 147; 59 Mich. 210; 111 Ill. 100.

SMITH, J. This is a suit brought by Morris Schiff and Louis Schiff, copartners, doing business in the city of New York under the firm name of M. Schiff & Bro.,

against the Heinemann Dry Goods Company, a domestic corporation engaged in the dry goods business at Jonesboro, on a judgment which the plaintiff alleged it had recovered in the municipal city court of New York, borough of Manhattan, Third District, against the defendant. The cause was submitted to the jury, and there was a verdict and judgment for the plaintiff, from which the defendant has appealed.

It is first insisted, for the reversal of the judgment of the court below, that the court erred in admitting in evidence the transcript of the judgment and the pleadings on which the action was based, it being insisted that the document which purports to be a judgment is a mere finding of the court, which might be sufficient to authorize the entry of a judgment, but which is not a judgment.

In answer to this contention it is said that no such issue was raised by the pleadings. The allegation of the answer is that "it (the defendant) denies that judgment was entered by said court in favor of the plaintiff for the sum of $435, or any other sum."

Had the question of the sufficiency of the judgment in form been raised in the court below, this objection might have been met by a showing of its sufficiency, as that the judgment had not in fact been correctly copied, or otherwise amending the transcript to show that it was in fact sufficient. At any rate, the question cannot be raised here for the first time, and we think the allegation of the answer set out above did not raise this specific issue in the court below.

The complaint appears to have conformed to the requirements stated in the case of *McCarthy* v. *Troll*, 90 Ark. 199, where the court said: "To maintain an action on a judgment against a plea of *nul tiel record*, a certified copy of the judgment is not sufficient, but all the pleadings and proceedings on which the judgment is founded, and to which, as matter or record, it necessarily refers, must be produced."

The suit in the New York Municipal Court, as appears from the pleadings in that case, was on an

account for $390, for which judgment was prayed, together with interest from the 6th day of December, 1920. The judgment for the plaintiff was for $415.80, which presumptively included the interest, and, in addition, there were three items of costs aggregating $19.

Objection was made to the introduction of the authenticated transcript for the reason that the document purporting to be a judgment recites liability in favor of a partnership, whereas the pleadings showed an action by the individual members of a partnership. This assignment of error is answered by saying that the complaint in the original case, after reciting the names of the plaintiff, alleges that "they are a copartnership doing business under the firm name and style of M. Schiff & Bro."

The introduction of the transcript was also objected to upon the ground that the purported judgment was signed by John Hoyer, Judge Municipal Court, whereas the authentication is signed by William J. A. Caffrey, Judge Municipal Court.

The practice and procedure of these courts was prescribed by chapter 279 of the Session Laws of New York for the year 1915. This act provides for twenty-four divisions of this court, with a judge for each division, and further provides that the judges shall rotate in holding the courts in these divisions, so that no judge sits in one division exclusively.

Hoyer appears to have rendered the judgment of the municipal court as the judge then presiding. At the time of the authentication of the transcript, as required by the act of Congress, Caffrey was then presiding as the judge of this division, according to the certificate of the clerk of that division, and this is sufficient.

The introduction of the transcript was also further objected to upon the ground that the municipal courts of the city of New York are not courts of record and do not come within the act of Congress for the authentication of judicial records and proceedings—that these courts cor-

respond to our justice of the peace courts, and the proof of the judgment should have been made accordingly.

Section 1 of § 279 of the 1915 Session Laws of New York, being "An act in relation to the municipal court of the city of New York, * * *," expressly declares that it shall be a court of record, and § 8 thereof provides that the justices thereof may provide rules regulating the manner of keeping the records and papers thereof. Section 11 of the act provides what the seal of the court shall contain; and § 13 confers authority to punish for civil and criminal contempts; and § 143 prescribes the duties of each of the clerks of the courts.

These courts were held to be courts of record by the Supreme Court of New York, appellate term, First Department, in the case of *Duringshoff* v. *O. B. Coates & Co.,* 157 N. Y. Supp. 230. .

Appellant further contends, for the reversal of the judgment, that it was in effect obtained by fraud; that proper service was not had, and its appearance in the New York court was entered without authority

Summons was served on the president of the appellant corporation while he was in New York city on business, and it is conceded that this service was insufficient to confer jurisdiction of the cause on the municipal court of that city, but it is insisted that the appearance of the defendant was entered by its attorney in that court. In support of this contention the deposition of Henry Levis, an attorney of that city, was offered in evidence. The purport of this deposition was that Ben Levis was the purchasing agent of appellant in New York, and had made the purchase out of which the litigation arose. After the controversy arose, Ben Levis employed Henry Levis, his brother, who was an attorney practicing in the municipal court of New York, to represent appellant, and the deposition of Henry Levis exhibited the correspondence he had with appellant by which he was authorized to enter the appearance of appellant, and that, pursuant to this authority, he entered appellant's appearance, and had secured a number of continuances of the cause.

The objection to the admission of this deposition is that the correspondence between appellant and Henry Levis is privileged as a communication between an attorney and his client. We think, however, this testimony was competent. The serious charge was made against the attorney that he had entered the appearance without authority, and it was no violation of the privilege for the attorney to testify that he did enter appellant's appearance, and was authorized to do so, and, in support of that statement, to exhibit letters conferring that authority. Vol. 2 Enc. Ev., Attorney & Client, p. 147; *Eckman* v. *Meyers & Trall,* 12 N. W. 347.

It is finally objected that the court erred in giving an instruction numbered 3, which reads as follows: "You are instructed that if you find the defendant authorized Ben Levis to employ Henry Levis to do what things might be necessary in connection with the suit filed, and, pursuant to that authority, Ben Levis did employ Henry Levis as attorney, the Heinemann Dry Goods Company was bound by his action pursuant to such employment."

We presume the purpose of this instruction was to tell the jury that the attorney had the authority to enter the defendant's appearance in court if this act was within the scope of his employment. At any rate, only a general objection was made to the instruction, and the objection now urged to it is that there is no testimony tending to show that Ben Levis had any authority to act for appellant in the employment of counsel.

The president of the appellant company, upon whom the service was had, admitted that he delivered the summons to Ben Levis, who was and is its purchasing agent at New York city, and that he asked Ben Levis what to do about it, and Ben Levis told him he would straighten the matter out.

We think the testimony of Henry Levis, in connection with the correspondence which occurred between him and appellant, is legally sufficient to prevent this instruction from being held objectionable as abstract, and that this testimony is legally sufficient to support a

finding that Henry Levis had, in fact, been employed by defendant as its attorney, and had the authority to enter its appearance.

No error appearing, the judgment is affirmed.