MACK EARNEST LEE EVANS *v.* STATE

5249                                    411 S. W. 2d 860

Opinion delivered March 6, 1967

*A. Jan Thomas Jr.,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. This is an appeal by appellant, Mack Earnest Lee Evans, from a proceeding under Criminal Procedure Rule No. 1. Per Curiam Order, 239 Ark. 850a. In the trial court, petitioner relied upon the same two grounds that are presented here for setting aside his grand larceny conviction and sentence of twenty-one years, namely:

1.  He was originally charged with CAR THEFT, but after being found guilty he was sentenced and committed for GRAND LARCENY.

2.  There was a suppression of evidence on the part of the prosecution in that no witnesses were allowed to testify in his benalf.

Section (A) of Criminal Procedure Rule No. 1 sets up the grounds on which a conviction and sentence may be attacked in a post-conviction proceeding. Sections (C) and (E) set out the duties of the court with respect to holding a hearing. These sections are as follows:

"(C) If the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files or records that are relied upon to sustain the court's findings.

\* \* \* \* \* \*

"(E) When a motion is filed in the circuit court, mentioned in Paragraph (A) above, and the court does not dispose of the motion under Paragraph (C) above, the court shall cause notice of the filing thereof to be served on the prosecuting attorney; and on the motion the court shall grant a prompt hearing with proceedings reported. The court shall determine the issues and make written findings of fact and conclusions of law with respect thereto. If the prisoner desires to be present at the hearing for taking of testimony the court shall order his presence."

The trial court, after appointing counsel as provided in Section (D) of Criminal Procedure Rule No. 1, proceeded under Section (C) above. At this proceeding there was introduced the criminal docket sheet in case No. 9545, out of which appellant's conviction and sentence arose; the penitentiary commitment; a subpoena issued on behalf of the prosecution to the sheriff of Pulaski County for Parvin Romines; a subpoena issued to the sheriff of Crittenden County on behalf of the prosecution for Charley Byrd, Bill Billings, James G. Moore, Parvin Romines, E. W. Cramberg, Everett Jarmon, Douglas Bray, Bobby Keen, and Herman Lee Morris; the form of verdict signed by Carl D. White, foreman; the capias upon which the appellant was arrested

for grand larceny; and the information charging appellant|with the crime of grand larceny in that he did "steal and drive away a 1953 Ford automobile, the property of one Herman Lee Morris, of a value of $400.00 with the intent to deprive the said owner of his property and the value thereof." The docket sheet and the penitentiary commitment show that appellant was represented in that trial by Cecil Nance, a reputable attorney.

Based upon the foregoing record, the trial court, in the absence of petitioner but in the presence of his current court-appointed counsel, dismissed appellant's petition. In so doing, the trial court found as follows:

"That the petition was not verified as required by the Per Curiam Order of the Supreme Court of Arkansas, dated October 18, 1965, Section A; but notwithstanding this finding, the Court also finds that the allegation of the defendant stating that this defendant was charged with car theft and thereafter found guilty, sentenced and committed for Grand Larceny, is without merit for the reason that the docket sheet in Cause 9545 and the original files therein, introduced by the prosecuting attorney of this district with permission to withdraw and substitute certified copies thereof, which is the original cause complained about, charges this defendant with the crime of Grand Larceny in that he on or about November 5, 1960, in Crittenden County, Arkansas, did unlawfully, wilfully and feloniously take, steal and drive away a 1953 Ford Automobile, the property of one Herman Lee Morris, of a value of $400.00, with the intent to deprive the said owner of his property and the value thereof; etc.

"The Court further finds that this defendant was charged by Information of the prosecuting attorney with the crime of Grand Larceny filed February 9, 1961, in Cause 9545; that on February 10, 1961, the defendant was arraigned and entered a plea of Not Guilty, and that being without counsel,

the Court appointed Honorable Cecil Nance (Sr.), an attorney of the highest standing before the bar of this Court, with many years of experience in both criminal and civil practice, to represent this defendant; that on February 20, 1961, on motion of the defendant, the cause was continued for the term; that on September 25, 1961, the defendant announced ready for trial and a jury was empaneled and sworn and a trial had, the jury returning a verdict of Guilty and fixing punishment at Twenty-one years in the Arkansas State Penitentiary.

"The Court further finds that there was no suppression of evidence on the part of the prosecution and that the defendant received the best counsel obtainable before this bar, received a fair and impartial trial before a jury of his peers, and a verdict of Guilty was rendered against him and he was sentenced thereunder."

The action of the trial court with respect to the first contention of appellant was certainly in accordance with the procedure set out in Criminal Procedure Rule No. 1. There can be no doubt that the defendant was charged with grand larceny and that he knew of the crime with which he was charged. The docket sheet shows an arraignment and a plea of not guilty. Furthermore, our statute, Ark. Stat. Ann. § 41-3901 (Repl. 1964), defines larceny as "the felonious stealing, taking and carrying, leading, riding or driving away the personal property of another." Ark. Stat. Ann. § 41-3907 (Repl. 1964) provides that where the value of the property stolen exceeds the sum of $35.00 the punishment shall be imprisonment of not less than one or more than twenty-one years.

Appellant's second contention, however, contains an issue of fact not shown by the record. Under Section (E) of Criminal Procedure Rule No. 1 above, the trial court should have held a hearing or pursued the matter

further by ascertaining through pretrial procedures that no bona fide issue existed.

A certain amount of discretion in the matter of post-conviction proceedings must be left to the trial court, especially with respect to pre-trial procedures. *Townsend* v. *Sain;* 372 U. S. 293, 9 L. Ed. 2d 770, 83 S. Ct. 745 (1963). For instance, in this case the trial court, could properly have asked appellant to advise the court, by pleading or otherwise, the names of witnesses who were not allowed to testify in his behalf. In addition, the trial court could also have required appellant to state the substance of what the witnesses would say if called to testify in his behalf. In this manner, the trial court, without having put the county to the expense of transporting appellant from the penitentiary to the place of trial, could have ascertained whether there was any substance to the allegation and whether the testimony proposed to be offered by appellant was relevant. Of course, if the testimony should appear relevant to the issue and should appear to affect the outcome of the proceeding, the trial court should hold a hearing and at such hearing appellant should be permitted to be present.

It was not the purpose of Criminal Procedure Rule No. 1 to give a person convicted of a crime a holiday from the penitentiary for the purpose of a hearing, but to conscientiously protect his constitutional rights. If trial courts will therefore insist upon proper verification of pleadings and pre-trial statements, any abuse of the privilege of post-conviction proceedings can be remedied through prosecution for perjury.

For the reasons stated herein, we are therefore reversing and remanding this cause for proceedings in accordance with this opinion.

FOGLEMAN, J. disqualified.