JOHN ED GRAYER *v*. STATE

5265                                           414 S. W. 2d 870

Opinion delivered May 22, 1967

*C. David Furrow*, for appellant.

*Joe Purcell*, Attorney General; *Don Langston*, Asst. Atty. General, for appellee.

Lyle Brown, Justice. This Rule 1 appeal comes from a judgment of the Crittenden Circuit Court. Petitioner, John Ed Grayer, appellant here, sought discharge from the penitentiary under a petition for writ of habeas corpus, and relief was denied.

A jury convicted appellant in 1958 of burglary and grand larceny. That conviction was reviewed by this court in *Grayer* v. *State*, 234 Ark. 548, 353 S. W. 2d 148 (1962). That review was under certiorari and it was held that the circuit court "had jurisdiction to try and convict him in 1958 for crimes committed in 1952 upon an information filed in 1957 as shown in the record." The holding there was without prejudice to appellant's later filing a petition for a writ of habeas corpus.

In 1962, appellant filed a petition in the Crittenden Circuit Court. A full-scale hearing was conducted, appellant appearing in person and by court-appointed counsel. Grayer's testimony, along with that of his witnesses, was received in evidence. His prayer for discharge was refused. There was no appeal from that decision. Instead, he filed two more petitions for writs of

habeas corpus in 1962 and 1963. Again, there were no appeals from adverse decisions.

Then in 1965, Grayer revived his efforts to gain freedom, proceeding under another petition for a writ of habeas corpus. Again his release was denied and that decision is the basis for this appeal. (Here it should be noted that the two-year interval between the filing of the petition and the submission of this appeal was not due to unreasonable delay on the part of the trial court.)

First, the trial court held that Grayer's petition was not verified. This would have been a proper ground for dismissal after giving petitioner a reasonable opportunity to make verification. The trial court, under the circumstances before it, waived this defect, and its extensive findings reflect that relief was not denied for failure to verify.

Appellant contends he was denied a speedy trial in 1958. He pleads double jeopardy. He claims unlawful detention and illegal search. Finally, he states that a confession and his past criminal record were used against him unlawfully. We reject these contentions for two reasons.

In the first place, it will be remembered that the conviction of 1958 was the result of a jury trial. He was represented by counsel in that trial, and he does not here assert that trial counsel showed non-diligence in any respect. Every allegation here made was open to him at the time of that trial. In fact, the trial court, in examining the petition and amended petition now before us found "that the points upon which the said petitioner relies in his various petitions for writs of habeas corpus filed herein are substantially identical and are, in substance, the same contentions made by the said defendant (petitioner) *in his original trial...*" [Italics supplied.] In making these findings the trial court had before it the record of the case in which appellant was convicted. If those conclusions of the trial court were

incorrect, we have no doubt but that the pertinent parts of the trial record would have been incorporated in the transcript now before us.

Secondly, appellant is in error in asserting that "he should have also been given the opportunity to be present at the hearing held upon his petition in this cause." In conformity with Rule 1, paragraph (C), the trial court examined the motion alongside the records in the case. On that basis written findings were made that the prisoner was not entitled to relief. When the petition can be processed under paragraph (C) the presence of the prisoner is not necessary.

Paragraph (H) of Rule 1 provides that all grounds for relief available must be raised in the original petition for a writ of habeas corpus. Any grounds not there raised cannot be used as a basis for a subsequent petition. The trial court found that the points now raised are substantially identical to those in previous petitions.

In *Evans* v. *State*, 242 Ark. 92, 411 S. W. 2d 860 (1967), we said: "It was not the purpose of Criminal Procedure Rule No. 1 to give a person convicted of a crime a holiday from the penitentiary for the purpose of a hearing, but to conscientiously protect his constitutional rights." Appellant Grayer was given a jury trial, a review by this court of the jurisdiction of the trial court, and a full-scale hearing in 1962 on his initial petition for a writ of habeas corpus. On that occasion he had his holiday from the penitentiary. He never appealed from the trial court's ruling. He has subsequently filed six petitions of various types in the Crittenden Circuit Court. According to the record before us, every one of those petitions had been given consideration by the trial court. So it is apparent to us that appellant has had *both* his holiday from the penitentiary and conscientious protection of his constitutional rights.

Affirmed.

FOGLEMAN, J., disqualified and not participating.