OREN ROBERTSON *v.* STATE OF ARKANSAS

5710                                    478 S.W. 2d 878

Opinion delivered April 17, 1972

*Gus R. Camp,* for appellant.

*Ray Thornton,* Atty. Gen., by *John D. Bridgeforth,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. This is an appeal under our criminal procedure rule one. Robertson was sentenced to five years in the penitentiary. Thereafter he filed a petition in the sentencing court to have the sentence set aside and requested that he be permitted to be present for a hearing on the petition. The trial court, acting under rule one (C), held that the records in the case showed conclusively that petitioner was entitled to no relief and did not order the presence of the petitioner. The single point urged on appeal is that the court erred in the failure to order appellant's presence before the sentencing court.

In appellant's petition to the trial court he alleged (a) that he was not advised of his constitutional rights by the arresting officer, (b) that he did not have effective assistance of counsel, and (c) that all proceedings subsequent to his arrest denied him due process of law. Under pleading (c) he said he was illegally held without bail, that he was not committed by a magistrate, and that he was tricked into entering a plea of nolo contendre when in fact he was not guilty.

Appellant is not entitled to be present when his petition for post-conviction relief can be processed under rule one (C). *Grayer v. State,* 242 Ark. 640, 414 S.W. 2d 870 (1967). Under (C) the trial court examines the motion alongside the records and files in the case and if it is revealed conclusively that the prisoner is entitled to no relief, that ends the matter. In the case at bar the trial court followed that procedure and disposed of the petition under rule one (C). The trial court made extensive findings from the records available and reached these conclusions:

When the plea was entered, appellant was represented by competent, employed counsel; he was fully informed ot all the facts relating to the charges against him; he was informed that he was entitled to a jury trial, which he waived; appellant counseled with his employed attorney and was fully satisfied with all services rendered; appellant replied in the negative when he was asked if he had any questions he desired to ask of court or counsel; and appellant confirmed that "he had not been coerced by anyone and that the plea he desired to enter was a voluntary plea."

According to the record we have summarized, this appellant was given every opportunity to speak out, either in person or by employed counsel, and to raise any possible defense he had to the charges. If he had any such defenses it was incumbent that he raise them. In the face of the record made by the trial court and here summarized, appellant is not entitled at this late date to collaterally attack his sentence. Since appellant

was in no position to attack the judgment, his presence naturally was not needed.

Affirmed.

FOGLEMAN, J., not participating.