JAMES B. JACOBS *v.* STATE OF ARKANSAS

5759                                          484 S.W. 2d 343

Opinion delivered September 11, 1972

*Louis W. Rosteck,* for appellant.

*Ray Thornton,* Atty. Gen., by: *John D. Bridgforth,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant was sentenced to five years in the penitentiary for violation of the Arkansas Hot Check Law. His petition under our Criminal Procedure Rule I for discharge was denied. He contends that his constitutional rights were violated in that his plea of guilty was not voluntary, and that his trial attorney should not have been permitted to testify as to conversations between appellant and his attorney.

Under date of June 2, 1970, appellant's attorney, R. W. Laster received a retainer fee. The following day the attorney wrote a letter to appellant, who was incarcerated, containing the following:

This morning I had an opportunity to discuss your cases with the prosecuting attorney's office. In addition to the four checks which they have you charged with, they are holding two or three others which they have not filed upon. **** I am to meet with him [prosecuting attorney] and Judge Kirby Friday morning at 9:30 and try to work out a settlement. **** I believe that Judge Kirby will go along with this, and I will probably have the sheriff bring you up Friday afternoon to enter a plea to the charges against you. If you are called up Friday to enter a plea, it will be with the understanding that you will be given a suspended sentence and probation and an opportunity to go to work and make restitution ***.

When appellant was brought before the court at the appointed time the deputy prosecuting attorney advised appellant's attorney that the State could not agree to recommend a suspended sentence; that the prosecutor, since his previous talk with appellant's attorney, had reviewed appellant's criminal record and it revealed a number of convictions for bad checks. The trial judge agreed that he could not give a suspended sentence under the circumstances, and that if he entered a plea of guilty he would impose a sentence of five years. Thereupon appellant entered a plea of not guilty. According to appellant's attorney, appellant, after conference between the two, changed his mind and said he would take the five years. Appellant was again brought before the court and this colloquy occurred:

The Court: Your lawyer says you are willing to take five years, is he right or not?

Defendant: Yes sir.

The Court: Would you rather have me try you five different times and order each sentence to commence at the expiration of the other one?

Mr. Laster: What he is talking about is five and five and five and five which will be twenty years.

Defendant: I am ready to take it, your honor.

We agree with the trial court that there was substantial evidence that the plea of guilty was free and voluntary. When the appellant approached the bench for the first time, he was told by the court that appellant would not be given a suspended sentence on a plea of guilty; in fact the court went a step further and informed appellant that a plea of guilty would result in a sentence of five years. The appellant started to leave but returned shortly and informed the judge (after consultation with his lawyer) that he wanted to change his plea and take five years. Appellant made his announcement before anything was said about being tried on the five year counts separately and have the sentences run consecutively. The effect of the comment about five consecutive sentences could have, of course, reassured appellant that five years on a plea of guilty was the better course for him to follow. See *Nelson* v. *State*, 252 Ark. 451, 479 S.W. 2d 556 (1972). In a case with substantially the same fact situation we affirmed. *Orman* v. *Bishop*, 245 Ark. 887, 435 S.W. 2d 440 (1968).

With respect to the second point, the court did not err in permitting appellant's trial attorney to testify concerning communications between them. Appellant testified that Mr. Laster misrepresented that appellant would receive a suspended sentence. When an issue of a breach of duty is asserted by a client, the attorney is no longer bound by his obligation of secrecy. In those circumstances he may testify as to the facts. *Coley* v. *Hall*, 206 Ark. 419, 175 S.W. 2d 979 (1943); *Heinemann Dry Goods Co.* v. *Schiff*, 167 Ark. 422, 268 S.W. 596 (1925); *Hunt* v. *Blackburn*, 128 U.S. 464 (1888); *Pruitt* v. *Peyton*, 243 F. Suppl. 907 (1965).

Affirmed.