Rodger DYER *v.* STATE of Arkansas

CR 75-58                                    527 S.W. 2d 622

Opinion delivered September 8, 1975

*Bill E. Ross*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Robert A. Newcomb*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. This appeal results from the denial of appellant's petition for postconviction relief. He was convicted of first degree murder and sentenced to life imprisonment in 1970. There was no appeal. In 1972, appellant filed a Rule 1 petition alleging violation of certain constitutional rights. The trial court denied the petition without an evidentiary hearing pursuant to the provisions of our Criminal Procedure Rule 1 (C). Ark. Stat. Ann. Vol. 3A (Supp. 1973) p. 127. There was no appeal from that ruling. Two years later, appellant filed a second Rule 1 petition asserting the same violations of his constitutional rights as previously alleged plus additional allegations. The court denied the second petition without an evidentiary hearing according to the provisions of Rule 1 (C): i.e., after reviewing the motion in conjunction with all the official records, files and transcripts. This appeal follows the denial of the second Rule 1 petition.

Appellant first presents the argument "that in order to satisfy [his] constitutional right to assistance of counsel at all stages of the criminal proceedings an attorney should be appointed in each Criminal Procedure Rule No. 1 proceeding even though" the trial court is authorized to proceed, as here, pursuant to paragraph (C). This issue was determined adversely to appellant in *Winberry v. State*, 256 Ark. 65, 505 S.W. 2d 497 (1973). There we said "**** the court was not obliged to appoint counsel for appellant when the court determined there was no necessity for an evidentiary hearing." Appellant, however, insists that we should repudiate and overrule this recent case because it is contrary to our state and federal constitution. We disagree and adhere to our decision. There is no constitutional right to appointed

counsel in state postconviction proceedings. *Noble v. Sigler,* 351 Fed. 2d 673 (8th Cir. 1965), cert. denied 385 U.S. 853, 87 S. Ct. 98, 17 L. Ed. 2d 81 (1966). There is was further said that these "**** proceedings are civil rather than criminal in nature ****." However, our Rule 1 (D) provides that an indigent is entitled to counsel whenever there is an evidentiary hearing or an appeal, as here, from the denial of a postconviction petition.

Appellant next asserts that it was reversible error not to permit him to be present at the original Rule 1 hearing as was requested in his petition. Again, we reiterate that a petitioner does not have the right to be present whenever his petition for postconviction relief can, as here, be processed pursuant to paragraph (C) of our Rule 1. *Robertson v. State,* 252 Ark. 333, 478 S.W. 2d 878 (1972); and *Grayer v. State,* 242 Ark. 640, 414 S.W. 2d 870 (1967).

Affirmed.