Noah SIMMONS a/k/a Noah
Hancock SIMMONS Jr. *v.* STATE of Arkansas

CR 78-173                          578 S.W. 2d 12

Substituted opinion delivered March 5, 1979
(Division II)

*John W. Achor,* Public Defender, for appellant.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant filed a motion for the withdrawal of his plea of guilty to a charge of breaking and entering. The circuit court denied the motion without a hearing. Appellant contends that the court erred in summarily denying the motion without a hearing. We disagree and affirm.

At the outset, appellant argues that the court should have considered the motion under Rule 37.3(a), Arkansas Rules of Criminal Procedure, and made written findings specifying those parts of the files or records relied upon to arrive at a decision that they show conclusively that the petitioner was not entitled to relief. Although petitioner labelled his pleading as "Motion to Withdraw Plea of Guilty" and specifically relied upon Rule 26, Arkansas Rules of Criminal Procedure, appellant is correct in his contention.

We have held that a motion to withdraw a guilty plea must necessarily be made under Rule 37, if it is filed after the sentence has been carried into execution. *Shipman v. State,* 261 Ark. 559, 550 S.W. 2d 424.

It is true, as appellant points out, that Rule 37.3 (a) requires that, if the motion and the files and records show conclusively that the petitioner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files and records that are relied upon to sustain the court's findings. We have held that the procedure requiring written findings should be followed in all cases when an evidentiary hearing is held (*Orman v. Bishop,* 243 Ark. 609, 420 S.W. 2d 908), and that the procedure is mandatory in such cases. *Fuller v. State,* 256 Ark. 133, 505 S.W. 2d 755. The obvious reason for making this requirement mandatory in cases where the judge is a trier of facts is that he determines the credibility of witnesses, resolves contradictions and conflicts in the testimony, and draws inferences from, and weighs, it.[1]

Although we have reversed a judgment denying an evidentiary hearing where there had been a guilty plea in *Robinson & Williams v. State,* 264 Ark. 186, 569 S.W. 2d 662, the reversal was not based on this ground alone. Our problem there was that the record filed in this court was so scant, we could not understand how the trial court could determine that the motion was without merit. Even in *McIntyre v. State,* 242 Ark. 229, 412 S.W. 2d 826, where we held that the appellant was entitled to a new trial on his motion for post-conviction relief because appellant had entered a plea of guilty without the assistance of counsel, the reversal of the trial court's denial of the motion was not based on the failure of the judge to make the required written finding alone. We pointed out this defect, but also pointed out that there was no evidence of record upon which he could have based his finding.

There are numerous cases in which the record before us shows conclusively that the motion or petition for post-

---

[1]A demonstration is found in *Fuller v. State,* supra, and its sequel, *Fuller v. State,* 256 Ark. 998, 511 S.W. 2d 474.

conviction relief is without merit and that no evidentiary hearing is required. See, e.g., *Moore v. State*, 262 Ark. 27, 553 S.W. 2d 29. In many such cases we have upheld the denial of a hearing on a motion to grant relief where a plea of guilty had been entered, on the basis of a record which showed conclusively that the motion was without merit. See, e.g., *Calhoun v. State*, 249 Ark. 978, 462 S.W. 2d 849; *Stone v. State*, 254 Ark. 566, 494 S.W. 2d 715; *Stallins v. State*, 254 Ark. 137, 491 S.W. 2d 788; *Robertson v. State*, 252 Ark. 333, 478 S.W. 2d 878.

Rule 26.1 (a) provides that the court shall allow a defendant to withdraw his plea of guilty upon a timely motion and proof to the court that withdrawal is necessary to correct a manifest injustice. Appellant alleged that the plea, entered on October 27, 1976, was the result of a savage beating administered to him by two "county sheriffs" on October 18, 1976, and that he had entered the plea in order to avoid further harassment and violent treatment in the jail in which he was being held.

The trial court's order was made upon a finding that the motion was without merit, based upon the files and records in the case. These files and records sustain the trial court's holding. Withdrawal of a plea of guilty on the ground alleged by appellant required that the defendant prove to the satisfaction of the court that the plea was involuntary. The files in the case included a plea statement signed by appellant, acknowledging that he had read the entire statement, that he understood what his rights were and the questions asked, and his answer to all four questions on the statement was "yes." The following statement appears immediately above his signature in capital letters:

I KNOW WHAT I AM DOING AND AM VOLUNTARILY PLEADING GUILTY BECAUSE I AM GUILTY AS CHARGED.

One of the four questions was:

Are you entering your plea of guilty on your own free will and accord without anyone causing you to do so on account of any promises or threats?

The attorney who represented appellant when his plea of guilty was entered had certified the following:

> I have carefully gone over this paper with the accused. To the best of my knowledge he understands all of it and, further, his plea of guilty is consistent with the facts he has related to me and my own investigation of the case.

A record was made of the proceedings when the plea of guilty was entered. The plea was a negotiated plea. During the course of that hearing appellant acknowledged in open court that he had signed the statement and that he understood it. Other questions and answers were:

THE COURT: Do you understand it?

DEFENDANT SIMMONS: Yes, sir.

THE COURT: Do you have any questions about it?

DEFENDANT SIMMONS: No, sir, none whatsoever.

THE COURT: Are you pleading guilty because you are guilty?

DEFENDANT SIMMONS: Yes, sir.

This record clearly supports a finding that the plea of guilty was not involuntary. See *Moore* v. *State,* supra. It is the duty and responsibility of the trial judge to determine beyond doubt that a plea of guilty is voluntary and, in order to do so, he should inquire of the defendant personally. Rule 24.5, Arkansas Rules of Criminal Procedure; *Clark* v. *State,* 255 Ark. 13, 498 S.W. 2d 657; *Byler* v. *State,* 257 Ark. 15, 513 S.W. 2d 801. The record discloses a substantial, though not technical, compliance with these requirements.

It is essential that pleas of guilty, especially negotiated pleas, have a measure of stability. *Pettigrew* v. *State,* 262 Ark. 359, 556 S.W. 2d 880; *Stone* v. *State,* supra. The failure of the trial judge to specifically ask a defendant the precise ques-

tion, "Have any threats or force, or any promises, apart from a plea agreement, been used to induce your plea of guilty?" does not render the plea and the sentence thereon subject to collateral attack for constitutional infirmity. *Clark* v. *State,* supra. Under Rule 37, the sentence imposed upon the guilty plea was not imposed in violation of the constitution and laws of the United States or of this state, and was not in excess of the maximum authorized by law. The court imposing the sentence was not without jurisdiction. Unless the sentence was subject to collateral attack for constitutional infirmity, i.e., for being based on an involuntary plea of guilty, appellant is not entitled to relief. Rule 37 was designed to provide a method of determining whether the constitutional rights of the defendant were violated or his sentence was imposed in violation of statutes or was otherwise subject to collateral attack. *Thacker* v. *Urban,* 246 Ark. 956, 440 S.W. 2d 553. As we once said, the rule was not designed to give a person convicted of a crime a holiday from the penitentiary for a hearing, but was provided for the protection of his constitutional rights. *Evans* v. *State,* 242 Ark. 92, 411 S.W. 2d 860. See also, *Credit* v. *State,* 247 Ark. 424, 445 S.W. 2d 718.

It is significant that appellant had the advice of counsel in the plea bargaining and in the entry of his plea, because he can attack it as involuntary only by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. *Horn* v. *State,* 254 Ark. 651, 495 S.W. 2d 152. See also, *Treat* v. *State,* 253 Ark. 367, 486 S.W. 2d 16. But he made no such allegation, and the court was limited to the allegations of appellant's petition in determining his right to a hearing. *Stanley* v. *State,* 258 Ark. 480, 527 S.W. 2d 613. It is also significant that the plea statement is similar to that set out in the opinion in *Horn* v. *State,* supra. But what is most significant is the fact that in spite of the trial judge's inquiries and appellant's personal participation in answering them, appellant never mentioned any coercion, threats or physical abuse, when he had ample opportunity to do so. *Robertson* v. *State,* 252 Ark. 333, 478 S.W. 2d 878; *Nelson* v. *State,* 252 Ark. 451, 479 S.W. 2d 556. Appellant has not given any reason for not having disclosed to the court the beating he now alleges was administered and its relationship to his plea.

What we said in *Stone* and in *Robertson* is applicable here. In *Stone* we said:

> \*\*\* If the allegations in the case at bar are sufficient to require an evidentiary hearing, in the face of the record made when the plea was entered, then it is evident that every plea of guilty, without exception, is subject to re-examination at the whim of the prisoner. The trial court was right in refusing to order a hearing.

And in *Robertson* we closed by stating:

> According to the record we have summarized, this appellant was given every opportunity to speak out, either in person or by employed counsel, and to raise any possible defense he had to the charges. If he had any such defenses it was incumbent that he raise them. In the face of the record made by the trial court and here summarized, appellant is not entitled at this late date to collaterally attack his sentence. Since appellant was in no position to attack the judgment, his presence naturally was not needed.

The record of the proceedings on appellant's plea shows so conclusively that he is not now entitled to a hearing that a remand of this case to the trial court so it could point out the record already before us as the basis for its finding would constitute such an inexcusably extravagant waste of judicial resources, that we decline to order it.

The judgment is affirmed.

We agree. HARRIS, C.J., and HOLT and HICKMAN, JJ.