THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* THOMAS McKEON, APPELLANT.

*An attempt to escape from jail — competency of proof thereof where the defendant is held upon two distinct charges — incompetent evidence which may be prejudicial to a prisoner cannot be disregarded on appeal.*

Upon the trial of an indictment for rape the People were allowed to prove that the defendant had made an attempt to escape from a jail where he was confined awaiting trial. It was conceded that at this time he was also held upon a bench warrant issued upon an indictment charging him with another crime.

*Held,* that the evidence was improperly admitted.

That the effect of such testimony is to raise a presumption of guilt, but that as in this case the defendant was held upon two distinct charges his attempt to escape did not raise any presumption that he was guilty of the charge upon which he was tried rather than of the charge upon which he was merely held.

That, in order to disregard incompetent evidence received upon a criminal trial, it must conclusively appear that its admission has not been injurious to the prisoner.

APPEAL by the defendant Thomas McKeon from a judgment of the Court of Sessions of Cayuga county, entered, after a trial before the court and a jury, in the office of the clerk of said county on the 25th day of February, 1890, adjudging him guilty of the crime of rape; and from an order, dated on the 25th day of February, 1890, refusing an arrest of the judgment and a new trial.

*H. Greenfield,* for the appellant.                .

*A. P. Rich,* for the respondent.

DWIGHT, P. J.:

The defendant was convicted, mainly, as was natural, on the testimony of the woman who was alleged to have been the subject of the crime. The supporting testimony was slight, but, we think, sufficient to warrant its submission to the jury. It consisted, for the most part, of testimony by other witnesses that the defendant was seen going to and away from the house of the complainant, where she was alone, at about the time when, as she testifies, the crime was committed, and, by one witness, of immediate complaint on the part of the complainant, accompanied by an appearance of tears and distress corresponding with her story of the wrong to which she had been subjected. We do not dwell upon this branch of the case because there is one exception in the record which we think must be fatal to the judgment.

The people were permitted, under the objection of the defendant, to give evidence of an attempt on his part to escape from the jail where he was confined awaiting trial; while it was conceded by the district attorney that he was at the same time held on a bench warrant issued on an indictment charging him with another crime — what crime is not stated. We think it was error, under these circumstances, to admit the testimony objected to. Such evidence is not of a very direct or persuasive character, at the best. It has been held competent as tending to show consciousness of guilt. (*People v. Petmecky,* 2 N. Y. Crim. Rep., 451.) But where the defendant

is held under two distinct charges how can the fact of an attempt to escape be said to raise any presumption of guilt of either of the crimes charged rather than of the other? It is plain that the motive to escape may have been furnished wholly by his fear of prosecution for the other crime with which he was charged, and thus the act proved have been entirely consistent with consciousness of innocence of the crime in question. Such being the case, the evidence was clearly incompetent, and yet it may have been decidedly prejudicial to the defendant.

The rule as to the effect of the admission of incompetent evidence is well stated by ALLEN, J., in the case of *Coleman* v. *The People* (58 N. Y., 555). He says: " It seems that on a criminal trial, especially where incompetent evidence is received against the accused, the judgment will be reversed, unless the error is shown, conclusively, to be innoxious. It is not enough that the court sitting in review are of the opinion that the result may, and probably would, have been the same had the objectionable evidence been excluded "

There were other exceptions in the case which might merit attention, but, as none of the questions raised by them is likely to arise on another trial, they need not be examined here. For the error specified the judgment should be reversed and a new trial granted.

MACOMBER and LEWIS, JJ., concurred.

Judgment and conviction of the Court of Sessions of Cayuga county appealed from reversed, and a new trial granted.