JOHN ALLEN THORNTON *v.* STATE OF ARKANSAS

5310                                                422 S. W. 2d 852

Opinion delivered January 8, 1968
[Rehearing denied February 12, 1968]

*Terral, Rawlings, Matthews & Purtle,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Upon a plea of guilty, appellant John Allen Thornton was sentenced to three years in the penitentiary for burglary and three years in the penitentiary for grand larceny, both sentences to run concurrently. In this appeal he relies upon the following points:

I

That the court erred in sentencing the appellant to more than the minimum sentence upon the plea of guilty.

II

That his sentence should have been suspended because the alleged co-defendant entered a guilty plea and received a suspended sentence.

III

That the appellant did not understand he was entering a guilty plea nor the consequence thereof.

The record shows that appellant, together with Charles Clifford Durden, was charged with the crimes of burglary and grand larceny in that on December 17, 1966, he feloniously entered the building of Standard Furniture Company and carried away therefrom property in the aggregate value of more than $35. By another information he was charged with the crimes of burglary and grand larceny in that on January 14, 1967, he feloniously entered the building of the Brandon Furniture Company and carried away therefrom property in the aggregate value of more than $35. On April 3 he appeared in court with his attorney and pleaded not guilty. On July 19 he appeared in court with the same attorney, changed his plea to guilty and received the two concurrent three-year sentences.

Ark. Stat. Ann. § 41-1003 (Repl. 1964) sets the penalty for burglary at not less than 2 nor more than 21 years. Ark. Stat. Ann. § 41-3907 (Repl. 1964) sets the penalty for grand larceny at not less than 1 nor more than 21 years. Ark. Stat. Ann. § 43-1222 (Repl. 1964) provides that a court may permit withdrawal of a guilty plea at any time before judgment. Ark. Stat. Ann. § § 43-2324 (Repl. 1964), -2326 and -2331 (Supp. 1967) provide for suspended sentences. It is within the discretion of the trial court to fix sentences within the limits prescribed by law, to suspend sentences and to permit withdrawal of a guilty plea at any time before judgment. There is nothing in the record to show any abuse of this discretion by the trial court.

Actually the record does not show that the co-defendant, Charles Clifford Durden, received a sentence different from that given appellant, but even if it did it would still be a matter within the discretion of the trial court to give different sentences to different persons charged with the same offense.

Nor is appellant's third point supported by the record. Until the contrary is shown, we will assume that a person who appears in court with an attorney of his choice has ample opportunity to understand when he has entered a plea of guilty and the consequences thereof.

Affirmed.