JACK RHEUARK v. STATE OF ARKANSAS

5371                                   435 S.W. 2d 786

Opinion Delivered October 21, 1968

*Sol Russell* for appellant.

*Joe Purcell*, Atty. Gen. and *Don Langston*, Asst. Atty. Gen. for appellee.

PAUL WARD, Justice.    On July 12, 1967 Jack Rheuark (appellant) entered a plea of guilty to possessing stolen property, and was sentenced to serve fifteen years in the penitentiary.    This sentence, however, was suspended and appellant was placed on probation for five years.

On August 17, 1967 appellant was brought before the court to show cause why the suspended sentence should not be revoked.    After hearings on different occasions, the suspended sentence was revoked, and appellant was ordered to serve his sentence.

On April 24, 1968 Attorney Sol Russell, having previously been appointed to represent appellant, filed a petition for a new trial. Pursuant to said petition the trial court ordered the superintendent of the penitentiary to have appellant present on May 4, 1968 for a hearing. A hearing was held, and on May 7, 1968 the trial court denied the petition, and appellant was granted an appeal to this Court.

On appeal appellant urges only one point for a reversal. It reads:

"The trial court erred in revoking appellant's probation and sentencing at a time when appellant was not represented by counsel and was not afforded the opportunity to call witnesses in his own behalf."

After a careful study of appellant's exhaustive and excellent brief we feel that it is necessary to discuss and answer only two decisive questions. One, was appellant adequately represented by counsel when his suspended sentence was revoked. Two, did the trial court abuse its sound discretion in revoking the suspended sentence. For reasons hereafter stated we have concluded that no reversible error has been shown.

*One.* As contended by appellant, a hearing was had before a special judge on August 21, 1967 to determine whether the suspended sentence should be revoked, and it is true that appellant was not represented by an attorney. However, when this fact was brought to the attention of the special judge, no decision was reached, and the hearing was postponed to the following day—August 22. At this hearing appellant was represented by an appointed attorney—B. L. Church, Jr. of Little Rock. The record reveals that Attorney Church conferred with appellant, and was informed of the accusation of an attempt by appellant to kill his wife. The record also reveals that Church argued to the court that

this was only a family squabble and not sufficient to justify a revocation. At the close of the hearing the court revoked the suspended sentence.

Conceding, for the purpose of this opinion, that appellant was entitled to be represented by an attorney at the revocation hearing, we think it is clear and undisputed that he was so represented in this case. In the absence of any showing to the contrary, we must assume Attorney Church ably represented appellant.

*Two.* In our opinion the trial court had ample grounds and sufficient reason for revoking appellant's suspended sentence. There was testimony that, after being sentenced, appellant not only attempted to commit murder, but that he was guilty of theft and disturbing the peace.

The rule applicable to this kind of a situation is that revocation is a matter that lies within the sound discretion of the trial court. See the following recent decisions of this Court: *Smith* v. *State,* 241 Ark. 958 (p. 963), 411 S.W. 2d 510; *Thornton* v. *State,* 243 Ark. 829 (p. 831), 422 S.W. 2d 852, and *Blake* v. *State,* 244 Ark. 37 (p. 43), 423 S.W. 2d 544. In the *Smith* case we said:

"The suspension of pronouncement of sentence upon convictions rests in the sound discretion of the trial courts in this State . . . and the sufficiency of evidence for the revocation of such suspension also lies within the sound discretion of the trial court."

In the *Thornton* case we said it was within the sound discretion "to suspend sentences . . . ", and from the *Blake* case we quote:

"Furthermore, we have on many occasions held that the suspension of a sentence rests in the sound discretion of the trial court and that the sufficiency of the evidence for revocation of such sus-

pension also lies within the sound discretion of the trial court.''

In view of what we have heretofore said, we are unwilling to say the trial court, in this case, abused its sound discretion, and its judgment is therefore affirmed.

Affirmed.

BROWN, FOGLEMAN and BYRD, JJ., concur.

CONLEY BYRD, Justice.    I concur in the result reached, but on a different ground.

The record shows that the Honorable John Bailey was sitting as Special Judge during the vacation of Judge William J. Kirby.    When petitioner Rheuark appeared on August 21, 1967, he was not represented by counsel.    When the lack of counsel was called to the judge's attention, he made arrangements for counsel to be appointed and consult with petitioner. After counsel consulted with petitioner, the judge interrogated petitioner relative to a stolen pistol.    At this time, and in the presence of counsel, petitioner admitted he had carried the stolen pistol across town for the purpose of shooting Winston Talley.    This admission only confirmed the contents of a letter petitioner had written to Judge Kirby.    After this admission, petitioner stated to the court and his attorney—''Let's go and get it over with.''—and then pleaded with the court not to place the charges his wife had against him as a hold on him.

For these reasons I find that petitioner was represented by counsel at the time his suspended sentence was revoked, and that he waived the opportunity to call witnesses in his own behalf.

BROWN and FOGLEMAN, JJ., join in concurrence.