WALTER CREDIT *v.* STATE OF ARKANSAS

5436                                    445 S. W. 2d 718

Opinion delivered October 20, 1969

*Louis W. Rosteck,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston* and *Mike Wilson,* Asst. Attys. Gen., for appellee.

FRANK HOLT, Justice. The appellant was charged with second degree murder. The court, sitting as a jury, found him guilty and assessed his punishment at fifteen years in the state penitentiary. He did not appeal. As an inmate, he filed with the trial court a petition for a writ of habeas corpus which was treated as a petition for post-conviction relief under our Criminal Procedure Rule No. 1. His present counsel was appointed and a hearing was conducted by the court. By written findings of fact and conclusions of law the trial court dismissed appellant's petition.

On appeal the appellant contends that his constitutional rights, under the Fourteenth Amendment due process clause, were violated at his trial in that his attorney did not call a certain witness in appellant's behalf. At the evidentiary hearing under Rule No. 1, the appellant's trial attorney, who was employed by appellant, testified that in his judgment further testimony would have been of no avail in view of appellant's damaging statements or admissions as a witness in his own behalf. The record does not show what the omitted testimony of appellant's witness would have been. We agree with the trial court's finding that there is nothing demonstrated "in the record to indicate how the failure to call this witness prejudiced the petitioner [appellant] in any way." Further, we have recently said there is no denial of a fair trial where the basis of a defendant's complaint relates primarily to his counsel's trial tactics and strategy which involve elements of discretion and judgment upon which competent counsel might honestly disagree, especially after the event. *Barnhill* v. *State,* 247 Ark. 28, 444 S. W. 2d 97 (1969).

The appellant further contends that the trial court erred in not reducing the charge to manslaughter and that the sentence imposed upon the defendant was oppressive. We find no merit in either of these contentions. Neither was contained in appellant's petition. Both contentions are argued for the first time on appeal. It is a most familiar rule that issues raised for the first time on appeal cannot be considered. The sentence imposed was within the limits set by the legislature and from a review of the record before us we cannot say that the evidence is insubstantial. It should also be observed that our Criminal Procedure Rule No. 1 was not formulated to permit such an attack upon a sentence which is within the statutory limits.

After a full review and canvass of the record in the case at bar we are of the view that there exists no violation of appellant's constitutional rights.

Affirmed.