ERNEST H. RAY *v.* STATE OF ARKANSAS

5634                                          473 S.W. 2d 161

Opinion delivered November 29, 1971

*Skillman & Furrow,* for appellant.

*Ray Thornton,* Attorney General, *James A. Neal,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury reduced the first degree murder charge against appellant by finding him guilty of manslaughter and assessed his punishment at two years in the State Penitentiary. For reversal of the judgment upon that verdict appellant first contends that the trial court erred in permitting the testimony of a 13-year-old witness. Appellant asserts the witness was not qualified because of age and lack of understanding of the meaning of an oath.

In a civil action a child below 10 years of age is never a competent witness. This is true by common law and by statute. Ark. Stat. Ann. § 28-601 (Repl. 1962). In criminal cases, however, we have placed no limitation on the age of a child witness. *Payne* v. *State,* 177 Ark. 413, 6 S. W. 2d 832 (1928). We have, however, consistently held that competency requires that certain qualifications be met. In *Batchelor* v. *State,* 217 Ark. 340, 230 S. W. 2d 23 (1950) we reiterated:

> "* * * if the child-witness, when offered, has capacity to understand the solemnity of an oath and to comprehend the obligation it imposes, and if in the exercise of a sound discretion the trial court determines that at the time the transaction under investigation occurred the proposed witness was able to receive accurate impressions and to retain them to such an extent that when testifying the capacity existed to transmit to fact-finders a reasonable statement of what was seen, felt or heard,—then, on appeal, the Court's action in holding the witness to be qualified will not be reversed."

Also, we have consistently recognized that the trial court is allowed wide discretion in a determination of the competency of a child witness and on appeal we do not disturb the trial court's discretion in the absence of manifest error or clear abuse. *Harris* v. *State,* 238 Ark. 780, 384 S. W. 2d 477 (1964).

In the case at bar, the child witness was 13 years of age and a student in the local junior high school. He testified he knew that the meaning and solemnity of an oath required telling the truth; that he attended church and Sunday school where he was taught, as in his home, to tell the truth. He testified at first that he did not know what would happen to him if he did not tell the truth. However, he then said that he had been punished for falsehoods and that he recognized that if he were untruthful as a witness that he would be punished and that as a witness he would be truthful. The witness was then permitted to testify that he was acquainted with the appellant, and identified him as well as appellant's codefendant. He related that he was in appellant's place of business on the day the shooting occurred. He stated that he observed appellant go to the back of his store, get a shotgun and then proceed across the street where the deceased was shot. He heard appellant's wife tell a codefendant to try to stop him. He also heard the appellant tell the deceased and two others to remove picket signs which they had placed upon posts; that the decedent said he did not put them up and he was not going to take them down; that appellant pointed the gun at decedent who attempted to push aside the gun, at which time the appellant shot him; that the decedent was unarmed and made no aggressive act toward appellant; and that appellant shot decedent after he (decedent) "had taken his hand away from the gun." On cross-examination it was elicited that the child-witness had previously said in a statement that the shotgun went off at the time the decedent was trying to take it away from appellant.

In the circumstances, we are of the view that the child-witness demonstrated sufficient capacity to understand the solemnity of an oath, the obligation it imposed, and that this witness was sufficiently able to receive accurate impressions of the transactions he observed and retain and relate them to the jury in a reasonably coherent statement. Therefore, we hold that no error was manifest and the trial court did not abuse its discretion in allowing this witness to testify.

Appellant next contends that the trial court erred in not granting appellant's motion "for a directed verdict against murder in the first degree as a matter of law." The State adduced evidence that ten days previous to the shooting appellant had threatened "to get six of them" (pickets who had picketed appellant's business for almost a month) and had said that he had a shotgun which "would hold six shots;" that when appellant went across the street armed with a shotgun, he threatened to kill one of the pickets, prevented decedent from leaving, and then shot him without any just cause. Therefore, the State contends that this evidence, when viewed most favorably to the appellee, justified the instruction. However, a sufficient answer to appellant's contention is that he was not prejudiced by the instruction on first degree murder since the jury acquitted him of that charge by reducing it to manslaughter. Brewer v. State, 251 Ark. 470 S. W. 2d 581 (1971). Accordingly, we find no merit in this contention.

The appellant next contends that the court erred in refusing appellant's proffered instruction to the effect: "Acts committed by misfortune or accident shall not be deemed criminal, when it appears there was no evil design, intention, or culpable negligence." Ark. Stat. Ann. § 41-116 (Repl. 1964). Appellant asserts that the instruction is justified because appellant testified that he did not intend to kill the deceased and so stated to the investigating officer who verified this statement. Appellant and his witnesses also testified that the deceased grabbed the weapon with both hands and was pulling on it and wrestling with appellant when the gun was discharged. Appellant asserted that he merely took the weapon with him to force the pickets to remove the signs. We agree with the trial court that the evidence did not justify this instruction. It will be noted that this instruction is justified whenever it appears there was no evil design, intent, or culpable negligence. When we view appellant's evidence in the light most favorable to him, we cannot say that it eliminates appellant's culpable negligence in the handling and discharging of the weapon after securing it and walking across the street with the announced purpose to use it to force removal of the picket

signs. In other words, the evidence is contrary to this instruction which defines misfortune or accident. *Brewer v. State, supra.*

Appellant also asserts that the court erred in refusing to give appellant's instruction which, in effect, told the jury that it could acquit appellant if the jury found that the deceased "did in fact pull upon the barrel of the shotgun held by [appellant] causing same to discharge, resulting in [decedent's] injury and death." We find no merit in this contention. This instruction singles out a specific issue for the jury to acquit the appellant, should it find that deceased pulled upon the barrel of the weapon. *Walker* v. *State,* 239 Ark. 172, 388 S. W. 2d 13 (1965); *Price* v. *State,* 114 Ark. 398, 170 S. W. 235 (1914); *Jackson* v. *State,* 103 Ark. 21, 145 S. W. 559 (1912). Therefore, there was no error in the refusal of this requested instruction.

Finding no errors, the judgment is affirmed.

Affirmed.

FOGLEMAN, J., not participating.