Bobby Joe HARRINGTON v. STATE of Arkansas

5655            473 S.W. 2d 911

Opinion delivered December 13, 1971

H. Allan Dishongh, for appellant.

*Ray Thornton*, Attorney General; *James A. Neal,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant was convicted of attempted burglary, a felony, and appeals on one point of alleged error. On cross-examination appellant was asked about having committed other crimes. He moved for a mistrial and contends the refusal to grant the motion was error.

With regard to other crimes the following questions were asked and answers given:

Q. On June 2, 1971, were you guilty of the interstate transportation of stolen property, that property being a valuable coin collection?

A. No.

Q. Mr. Harrington, on October the 20th, 1969, were you guilty of the interstate transportation of stolen property?

A. No.

Following the propounding of each question there was an objection and request for mistrial.

The point for reversal is without merit. Our rule is clearly stated in *Johnson* v. *State,* 236 Ark. 917, 370 S. W. 2d 610 (1963):

When the defendant takes the stand, as in the case at bar, he is subject to the same rules of evidence as other witnesses, and for the purpose of throwing light on his credibility, he may, in good faith, be asked about other crimes he may have committed and other convictions, but he cannot be asked if he has been charged, indicted, or accused of other crimes.

In the recent case of *Black* v. *State,* 250 Ark. 604, 466 S. W. 2d 463 (1971), where questions of the same

tenor were asked, we followed the holding in *Johnson*. In *Black* we said that on cross-examination the defendant may be asked if he was guilty of some particular offense. In *Hughes & Bridges* v. *State*, 249 Ark. 805, 461 S. W. 2d 940 (1971), Hughes was asked if he did in fact take some money from one Bobby Horne. We held the question to be proper, again reciting that on cross-examination the defendant may, in good faith, be asked about other crimes he may have committed and about other convictions.

With respect to good faith, first, it is not contended that the prosecutor manufactured the incidents which formed the basis of his two questions. Second, appellant's credibility was a crucial issue in the case. Appellant contended the officers who testified that they saw appellant running from the direction of the building where the attempted burglary was committed, were lying. Appellant insisted that he did not go near the building. Belief of the appellant's testimony would demand an acquittal, whereas the testimony of the officers, if believed, would establish a most essential point for conviction.

Affirmed.

FOGLEMAN, J., not participating.