CLINTON FORD *v.* STATE OF ARKANSAS

5740                                        484 S.W. 2d 90

Opinion delivered September 4, 1972
[Rehearing denied October 9, 1972.]

*Burch & Cooper,* for appellant.

*Ray Thornton,* Atty. Gen., by: *Milton Lueken,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. In appealing from convictions for burglary, assault with intent to kill, and assault with intent to rape, the appellant contends only that the trial court's instruction defining reasonable doubt was erroneous. In an opinion delivered several months after the case at bar was tried we held the particular instruction to be bad. *Laird* v. *State,* 251 Ark. 1074, 476 S.W. 2d 811 (1972).

We cannot consider the appellant's argument, for in the court below there was no objection to the instruction. *Price* v. *City of Trumann,* 213 Ark. 50, 209 S.W. 2d 284 (1948). Although Act 333 of 1971 made it unnecessary for a party to save exceptions in criminal cases, it is still required that an objection be made or that the party make known to the trial court the action which he desires the court to take. Ark. Stat. Ann. § 43-2725.1 (Supp. 1971). That statute adopted the rule already prevailing in civil cases. Ark. Stat. Ann. § 27-1762 (Repl. 1962); *Turkey Express* v. *Skelton Motor Co.,* 246 Ark. 739, 439 S.W. 2d 923 (1969). Hence the absence of an objection precludes the appellant from raising the point for the first time on appeal.

Affirmed.