## A. J. BUTLER *v.* STATE of Arkansas

CR 73-146                    504 S.W. 2d 747

Opinion delivered February 4, 1974

*Robert A. Newcomb,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Richard Mattison,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted of first degree murder by a jury and sentenced to life imprisonment in the Arkansas Department of Correction. Appellant's only contention for reversal is that the trial court erred in not granting a requested mistrial after the appellant, on cross-examination, was asked:

Q. A. J., are you guilty of shooting a man in Pine Bluff on December the 22nd, 1970?

A. Was I guilty?

Q. Did you shoot him?

A. Yes, sir, I shot him.

On re-direct appellant stated the shooting was in self-defense which resulted in no prosecution.

Appellant's counsel forcefully presents the argument that the word "guilty" implies an accusation of a crimi-

nal wrongdoing or of having committed a crime. Even so, we cannot agree with appellant that the question was not proper. We have long approved the format of this question, on cross-examination, when asked in good faith, as being permissible to test the credibility of a witness, the state being bound by the answer. *Polk* v. *State,* 252 Ark. 320, 478 S.W. 2d 738 (1972), *Harrington* v. *State,* 251 Ark. 587, 473 S.W. 2d 911 (1972), *Black* v. *State,* 250 Ark. 604, 466 S.W. 2d 463 (1971), *Hughes & Bridges* v. *State,* 249 Ark. 805, 461 S.W. 2d 940 (1971), and *McAlister* v. *State,* 99 Ark. 604, 139 S.W. 684 (1911). In *Polk,* the defendant was asked if he was guilty of robbing a filling station; in *Harrington,* if he was guilty of interstate transportation of stolen property; in *Black,* if he was guilty of raping a woman at a certain time and place; in *Hughes & Bridges,* "Did you take some money off Bobby Horne;" and in *McAlister,* if the witness had "assassinated" another person. In each of these cases we held it was proper cross-examination of the witness.

We think the question was particularly appropriate, in the case at bar, inasmuch as the state adduced evidence that the victim, lying unarmed on the floor, was shot five times by the appellant. The appellant insisted that he shot in defense of his brother and that the deceased was armed. Certainly the credibility of the appellant was a crucial issue.

Affirmed.

HARRIS, C.J., not participating.