## Harry ROBINSON *v.* STATE of Arkansas

CR 74-28                                        509 S.W. 2d 808

### Opinion delivered June 3, 1974

*Robert A. Newcomb,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Michael S. Gorman,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant Harry Robinson was convicted on four counts of grand larceny. On appeal he contends (1) that he was not brought to trial within two terms of court as required by Ark. Stat. Ann. § 43-1708 (Repl. 1964), which fact entitles him to be discharged; and (2) he contends that evidence was illegally received, the officer not having a search warrant.

Appellant was formally charged on January 25, 1972, and was tried on August 23, 1972. St. Francis County has four terms of court per year. Ark. Stat. Ann. § 22-310 (Supp. 1973). The charge was lodged in the October 1971 term; the next term began February 14, 1972; the following term began April 24; and the next term started August 14. Appellant was

tried in the August 1972 term. Two terms of court elapsed between the filing of the charge and the time of the trial. *O'Neal* v. *State,* 253 Ark. 574, 487 S.W. 2d 618 (1972). Notwithstanding, appellant's argument for discharge is without merit for two reasons.

In the first place, appellant's attorney filed a motion for discharge under § 43-1708 but at no time was a request made for a ruling on that motion. Before such an assignment of error can be considered by this court, it is necessary in cases less than capital that· the accused call for a ruling from the trial court. *Carter* v. *State,* 230 Ark. 646, 326 S.W. 2d 791 (1959). In *Fielder* v. *State,* 206 Ark. 511, 176 S.W. 2d 233 (1943), we said a defendant cannot complain of the inaction of the trial court unless a request for action was made at the trial. In the recent case of *Ford* v. *State,* 253 Ark. 5, 484 S.W. 2d 90 (1972), appellant argued for the first time on appeal the propriety of an instruction. We rejected the argument, stating that in both civil and criminal cases it is required that "the party make known to the trial court the action which he desires the court to take". Also, see 24 C.J.S. Criminal Law § 1433.

We would also point out that the last continuance ordered by the court was certainly for the benefit of appellant. In the April 1972 term, and specifically on July 28, 1972, the case was called. Court-appointed attorney Ford reported a "personality conflict" between himself and appellant. The court thereupon appointed attorney Bierworth. (Trial on that date would have been within the statutory period). It is clear that the newly appointed attorney needed time to prepare for trial. He shortly filed a motion for a bill of particulars. The substitution of a new attorney and a request for a bill of particulars undoubtedly made it necessary for the trial to go over, all to the benefit of appellant.

The other point advanced is that the appellant's abode was illegally searched because the arresting officer did not have a search warrant. The legality of the arrest is not questioned and the search was made contemporaneous with the arrest. When the officer arrived at appellant's address, which was a house trailer, he was greeted by the woman who

owned the trailer and who lived there. The officer informed the owner he was looking for some stolen merchandise and the officer related that the owner freely invited him in to look for the contraband. "There can be no doubt that an occupant who has a proprietary interest in a building can consent to entry by police officers and a search of the premises and seizure of whatever may be found there as evidentiary material. * * * One having joint possession or equal authority with another over the premises may authorize a warrantless search thereof." *Asher & Bradford* v. *City of Little Rock,* 248 Ark. 96, 449 S.W. 2d 933 (1970).

Affirmed.