John Earl ALEXANDER *v.* STATE of Arkansas

CR 74-39                              509 S.W. 2d 816

Opinion delivered June 3, 1974

*Harold L. Hall,* Public Defender, by: *Lloyd R. Haynes,* Dep. Public Defender, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Alston Jennings Jr.,* Dep. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant pleaded guilty to a charge of armed robbery and received a sentence of 21 years with ten years suspended. Thereafter, he sought postconviction relief from that sentence pursuant to our Criminal Procedure Rule 1. The trial court held an evidentiary hearing and denied appellant's petition. On appeal the only contention for reversal by present counsel is that the trial court erred in denying postconviction relief by finding that appellant had effective assistance of trial counsel. We agree with the trial court.

Appellant was charged as a habitual criminal. Ark. Stat. Ann. § 43-2328 (Supp. 1973). He admitted that he had served four previous prison sentences; his court appointed trial counsel advised him that it was possible for him to receive 31 ½ years if the jury found him guilty of robbery as well as the alleged previous convictions inasmuch as the previous convictions would enhance the maximum (Ark. Stat. Ann. § 41-3602 [Repl. 1964]) 21 year robbery sentence to that extent; his attorney conferred with him on several occasions; his

attorney discussed the defense as well as the prosecution evidence; and his counsel advised him he had the right to a jury trial or the option to plead guilty and it was for him, the petitioner, to make the decision. In fact, appellant testified that primarily he was seeking a reduction or modification of his sentence.

Appellant's court appointed trial counsel, who has practiced criminal law for several years, testified that the state's evidence was made available and he had fully discussed that evidence as well as appellant's in advising him; he made arrangements for the appellant to discuss his defense with his co-defendant and others; appellant admitted he was present at the scene of the alleged robbery although disclaiming any intent to participate in the offense; appellant was advised, as he admitted, that pursuant to the Habitual Criminal Act appellant could possibly receive 31½ years in prison; appellant asked him to negotiate a plea with the prosecution and seek a ten year sentence; appellant decided to take the 21 year sentence with ten years suspended as offered by the state; further, he told appellant that the ultimate decision as to his plea was strictly left to appellant and was made by him only.

We are firmly of the view, after a full review of the record before us, that appellant was ably represented by his court appointed counsel and, therefore, there was no violation of appellant's constitutional rights. *Franklin and Reid* v. *State,* 251 Ark. 223, 471 S.W. 2d 760 (1971); *Leasure* v. *State,* 254 Ark. 961, 497 S.W. 2d 1 (1973); and *Credit* v. *State,* 247 Ark. 424, 445 S.W. 2d 718 (1969).

Affirmed.