George Buddy WILLIAMS *v.* STATE of Arkansas

CR 74-58                                        513 S.W. 2d 793

Opinion delivered September 16, 1974
[Rehearing denied October 14, 1974.]

*Booth & Wade*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *O. H. Hargraves*, Dep. At-

ty. Gen., for appellee.

FRANK HOLT, Justice. A jury convicted appellant of the crime of maiming (Ark. Stat. Ann. § 41-2502 [Repl. 1964]) and imposed a sentence of seven years in the Department of Correction. We first consider appellant's contention for reversal that the court erroneously permitted two officers to testify about certain statements made to them by the appellant preceding the alleged offense. We find no merit in this contention.

Each of these officers testified that the appellant came by the jail where they were working and in a conversation voluntarily stated to them that he was "mad" and intended to "hurt" the prosecuting witness that night. Appellant asserts that this evidence was inadmissible since it contravenes *Miranda* v. *Arizona,* 384 U.S. 436 (1966). Clearly that case only requires that a person "taken into custody or otherwise deprived of his freedom of action in any significant way" be advised of his constitutional rights "when questioning" is "initiated by law enforcement officers." We have said that *Miranda* is not to be so interpreted that a defendant cannot "voluntarily open his mouth." *Hammond and Evans* v. *State,* 244 Ark. 1113, 428 S.W. 2d 639 (1968). It is uncontradicted, in the case at bar, that the appellant volunteered to the officer-witnesses his immediate plan to commit an assault upon the prosecuting witness. It follows *Miranda* is not applicable.

Neither can we agree with the appellant that his oral statements to these officers are within the scope of our recently enacted discovery statute. Ark. Stat. Ann. § 43-2011.2 (Supp. 1973). This statute reads in pertinent part:

> Upon motion of a defendant the court may order the prosecuting attorney to permit the defendant to inspect and copy or photograph any relevant (1) written or recorded statements or confessions made by the defendant, or copies thereof, within the possession, custody or control of the state, the existence of which is known, or by the exercise of due diligence may become known, to the prosecuting attorney. . .

Therefore, the trial court correctly ruled the discovery statute is inapplicable in the case at bar.

Neither can we agree with appellant's contention that

the trial court abused its discretion in refusing to grant appellant's motion for a continuance when it was learned on the day of the trial that the state would introduce evidence through these two officer-witnesses that the appellant had told them he intended to harm the prosecuting witness. It appears that the prosecuting attorney promptly advised the appellant's counsel as quickly as he learned that appellant's inculpatory statements were made to these two officers. Suffice it to say that appellant was furnished, as requested, the names, addresses and occupations of the two witnesses in advance of the trial. Appellant had adequate opportunity to interrogate these witnesses with reference to any knowledge they had relating to the alleged offense. It is well settled that the granting of a continuance is within the sound discretion of the trial court. *Thacker* v. *State*, 253 Ark. 864, 489 S.W. 2d 500 (1973); and *Perez* v. *State*, 236 Ark. 921, 370 S.W. 2d 613 (1963). In the case at bar, the appellant has not demonstrated that the trial court abused its discretion.

The appellant also contends that the court abused its discretion in admitting a broken wine bottle into evidence because it was not adequately linked to the alleged crime. We do not agree. One day following the commission of the alleged offense, a broken wine bottle was removed from the scene of the crime. The victim testified that he and the appellant lived at the same residence and that appellant came into his room and cut him with a broken wine bottle. Their landlady testified that she saw the appellant holding a bottle of wine before the offense was committed and immediately afterwards she saw a broken bottle in the room. The broken bottle was relevant to the theory of the state's case and tended to prove the matter in issue in support of the victim's credibility. *Williams* v. *State*, 250 Ark. 859, 467 S.W. 2d 740 (1971); *Gross* v. *State*, 246 Ark. 909, 440 S.W. 2d 543 (1969); and 22A C.J.S. Criminal Law § 601.

Appellant also contends that the court erred in permitting the victim to testify because he was incompetent. We need not consider this contention inasmuch as there was no objection which is required by § 43-2725.1 and it is raised fo the first time on appeal. *Ford* v. *State*, 253 Ark. 5, 484 S.W. 2d 90 (1972). Furthermore, the trial court conducted a hearing in chambers and found the witness to be competent inasmuch as he testified that he understood the nature and obligation of

an oath and he would be subject to punishment for false swearing. This comports with the proper standard. *Keith* v. *State,* 218 Ark. 174, 235 S.W. 2d 539 (1951); and *Allen* v. *State,* 253 Ark. 732, 488 S.W. 2d 712 (1973). Also trial courts are given broad discretionary powers in determining the competency of a witness and we do not find error unless there is demonstrated a clear abuse of that discretion. *Allen* v. *State, supra;* and *Ray* v. *State,* 251 Ark. 508, 473 S.W. 2d 161 (1971). In the case at bar, we certainly cannot say the court abused its discretion.

It is next contended that the trial court erred in permitting prejudicial cross-examination of the appellant. The appellant was asked on cross-examination if he had committed certain other criminal acts. We have consistently approved the format of this type of questioning on cross-examination, when asked in good faith, to test the credibility of the witness, the state being bound by the answer. *Butler* v. *State,* 255 Ark. 1028, 504 S.W. 2d 747 (1974). In the case at bar we find no prejudicial cross-examination is demonstrated by any questions propounded.

Finally, it is asserted by the appellant that the evidence is insufficient to support the verdict. In determining the sufficiency of the evidence upon appellate review, it is only necessary to ascertain that evidence which is most favorable to the appellee and if any substantial evidence exists then we affirm. *Murphy* v. *State,* 248 Ark. 794, 454 S.W. 2d 302 (1970). The state adduced evidence that the appellant made statements that he was going to harm the prosecuting witness a short time before he did so. Appellant was observed holding a wine bottle and drinking from it at the scene of the crime a short time before it occurred. Appellant was angry and broke into the prosecuting witness' room. The prosecuting witness testified that the appellant cut him several places about his body with a broken bottle resulting in the loss of an eye. Immediately following the crime the prosecuting witness was found bleeding profusely from his wounds and blood, broken glass and a broken bottle were observed at the scene. Certainly this evidence is amply sufficient without detailing further evidence to sustain the jury's verdict.

Affirmed.