Curtis HAYNIE *v.* STATE of Arkansas

CR 74-130                                    518 S.W. 2d 492

Opinion delivered January 27, 1975

*Forest A. Newcomb,* attorney for inmates, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Michael S. Gorman,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury found appellant guilty of robbery and also that the robbery was committed with the use of a firearm. On appeal, appellant only challenges the validity of the 15 year sentence which was imposed by the court for the use of a firearm in the commission of the robbery. Appellant first asserts, through present court appointed counsel, there is no substantial evidence to support the jury's finding that a firearm was used in the commission of the felony.

On appellate review, in determining the sufficiency of the evidence, it is well established that we ascertain that evidence which is most favorable to the appellee and affirm if any substantial evidence exists. *Williams* v. *State,* 257 Ark.

8, 513 S.W. 2d 793 (1974). In the case at bar, the 90 year old robbery victim testified that appellant and one of his two companions forcibly took his billfold and a small gun from his back pocket. He identified appellant, the only one of the trio on trial, as holding the pistol on him. The victim further testified that he was hit in the head with the pistol or something that was "iron." Certainly, this evidence alone amply supports the jury's finding that appellant employed a firearm as a means of committing the robbery.

Appellant next contends that the trial court erred in imposing a sentence for the use of a firearm during the commission of a felony instead of allowing the jury to set the sentence. The jury returned a verdict of guilty of robbery and fixed appellant's punishment at 21 years imprisonment. At the same time, in response to an interrogatory, the jury affirmatively found that the robbery was committed with the use of a firearm. Thereupon, the court assessed an additional 15 year sentence which is authorized by Ark. Stat. Ann. § 43-2336 (Supp. 1973). The sentence was made consecutive which is required by § 43-2337. Appellant correctly argues that any punishment for violation of this statute should be set by the jury and not by the court and is contrary to our decisions. *Johnson* v. *State* 249 Ark. 208, 458 S.W.2d 409 (1970); *Redding* v. *State,* 254 Ark. 317, 493 S.W. 2d 116 (1973); and *Cotton* v. *State,* 256 Ark. 527, 508 S.W. 2d 738 (1974). However, we find no merit in this contention since no objection was made to the court's action. Consequently, the issue cannot now be raised for the first time on appeal. Ark. Stat. Ann. § 43-2725.1 (Supp. 1973); *Ford* v. *State,* 253 Ark. 5, 484 S.W. 2d 90 (1972); *Robinson* v. *State,* 256 Ark. 675, 509 S.W.2d 808 (1974); and *Williams* v. *State, supra.*

Appellant next contends that the information did not properly charge him with the use of a firearm in the commission of a felony in violation of § 43-2336, *supra.* Therefore, the court erred in submitting that issue to the jury. The robbery information, in pertinent part, reads:

The said defendant on the 12th day of January, 1974, in Jefferson County, Arkansas, did then and there wilfully, unlawfully, feloniously, violently and by force and in-

> timidation, *armed with a pistol,* take approximately
> $125.00 in money, the property of David Mon-
> tague. . . . . (Emphasis ours.)

In *Johnson* v. *State, supra,* we found two procedural defects, one
of these being that "the use of a firearm was not alleged in the
information." In *Redding* v. *State, supra,* the opinion recites
that the defendant was charged with the "crime of robbery
with the use of a firearm." There we said that the procedural
defect of not alleging in that information the use of a firearm
did not exist. In the case at bar, even though the use of a
firearm was not alleged as a separate count or paragraph, a
casual reading of the information reflects that it unam-
biguously asserts and gives notice to appellant that the
robbery was committed by the use of a firearm. By Initiated
Act #3 of 1936, Ark. Stat. Ann. § 43-1006, § 43-1008 (Repl.
1964), which relaxed the common law technical pleading re-
quirements, it is only necessary to name the offense and the
defendant in charging an offense and it is unnecessary to state
the acts constituting the offense "unless the offense cannot be
charged without doing so." *Henderson* v. *State,* 255 Ark. 870,
503 S.W.2d 889 (1974); and *Estes* v. *State,* 246 Ark. 1145, 442
S.W.2d 221 (1969). See also *Thompson* v. *State,* 205 Ark. 1040,
172 S.W.2d 234 (1943). Here the information was certain as
to the name of the court, the county in which the alleged
offense was committed, the defendant's name and the name
of the offense: i.e., robbery. It was unnecessary to allege the
acts constituting the offense of robbery. However, the infor-
mation stated with certainty that the robbery was committed
with the use of a firearm. We hold the information sufficient.
Furthermore, the record here reveals no objection to the in-
formation or the manner of the submission of the issue, the
use of a firearm, to the jury. As indicated previously, the issue
cannot be raised for the first time on appeal.

Moreover, if appellant's counsel construed the words
"armed with a pistol" in the information as being descriptive
rather than constituting a possible enhancement of sentence,
he certainly was apprised sufficiently when the court sub-
mitted the interrogatory to the jury as to whether the alleged
offense was committed by the use of a firearm. Although we
hold the information sufficient, the better practice would be

that the allegation of the use of a firearm be worded with greater specificity to obviate the argument in a case such as the one at bar.

Appellant finally asserts for reversal he was denied effective assistance of counsel because appointed counsel failed to object to the procedure used in charging (the information) and imposing the sentence for the use of a firearm in the commission of a felony. As previously discussed, we are of the view the information sufficiently informed the appellant of the charge of using a firearm, which by statute results in an enhancement of a sentence upon a robbery conviction. § 43-2336, *supra*. As to the court's imposition of the additional sentence following the jury's finding, in answer to an interrogatory, that a firearm was used by the appellant, he correctly asserts, as previously discussed, that this did not comport with the procedure prescribed in *Redding* v. *State, supra,* and *Cotton* v. *State, supra*. However, as appellant acknowledges, it is necessary to object to the court's action and when no objection is made, as here, the issue cannot be raised for the first time on appeal. We recognize that our federal constitution mandates that the defendant have the benefit of effective assistance of counsel. *Franklin and Reid* v. *State,* 251 Ark. 223, 471 S.W.2d 760 (1971). However, we have held that the defendant shoulders the burden of demonstrating that his counsel's alleged incompetence constituted prejudicial error and, further, the mere showing of "errors, omissions or mistakes, improvident strategy, or bad tactics" is not alone sufficient. Counsel is accorded a broad latitude in exercising his judgment for a client's defense. *Leasure* v. *State,* 254 Ark. 961, 497 S.W.2d 1 (1973); *Clark* v. *State,* 255 Ark. 13, 498 S.W.2d 657 (1973).

In *Leasure* v. *State, supra,* we said:

[W]e will presume, in the absence of a contrary showing, that: a duly licensed, appointed attorney is competent; a charge of inadequate representation can prevail only if the acts or omissions of an accused's attorney result in making the proceedings a farce and a mockery of justice, shocking the conscience of the court, or the representation is so patently lacking in competence or

> adequacy that it becomes the duty of the court to be aware of and correct it.

See also *Credit* v. *State,* 247 Ark. 424, 445 S.W.2d 718 (1969); and *Poole* v. *United States,* 438 F.2d 325 (8th Cir. 1971); and *Slawek* v. *United States,* 413 F.2d 957 (8th Cir. 1969). The strategy and tactics used during a trial involve the elements of trial counsel's discretion and judgment, which very well might be such that skilled and experienced counsel would honestly disagree. *Johnson* v. *State, supra.*

In the case at bar, we cannot say that the appellant, through his counsel, could have been unaware of the possible enhancement of his sentence by the use of a firearm which was alleged in the information. Neither can we say confidently that the failure of appellant's counsel to object to the additional punishment for the use of the firearm demonstrated a farce and a mockery of justice. It could very well be, inasmuch as the jury had imposed the maximum sentence for robbery, that the strategy and judgment of appellant's counsel was dictated by the belief the trial court would, most likely, be more lenient in the imposition of a sentence for the use of a firearm than would the jury. Certainly, it is not for us to say this was improvident strategy.

Appellant urges us to abandon our standard or test of competence of counsel and adopt the "reasonably competent" attorney standard which a few other jurisdictions, the cases from which are cited, follow. This we decline to do. If we should do so, we think it would result in disrupting the established function of a trial judge. The lawyer's part in a trial is adversary advocacy. The part of the judge is impartiality to insure fairness and delineate the law. "It is no part of the judge's function to evaluate the relative efficacy of trial tactics" which "would destroy the concept of an impartial judge, a concept basic to our system." *Mitchell* v. *United States,* 104 U.S. App. D.C. 57, 259 F.2d 787 (1957), cert. denied, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86 (1958). There it was recognized the supervision by a judge of trial counsel's judgment upon tactical problems could very well invade the accused's constitutional right to the assistance of counsel. To the same effect is *Leasure* v. *State, supra.* Suffice it to say,

however, that under either standard, in the case at bar, we cannot say that appellant was denied effective assistance of counsel.

Affirmed.

SMITH, BROWN, and BYRD, JJ., concur.

GEORGE ROSE SMITH, Justice, concurring. Owing to the absence of proper objections in the trial court I concur in the result, but I do not agree with the majority's conclusion that the information was sufficient to charge the offense of robbery with a firearm. The majority have not quoted the charging sentence of the information, by which the prosecuting attorney accused "Curtis Haynie of the crime of robbery committed as follows. . ." The word "firearm" was not used at all, which distinguishes this case from *Redding* v. *State,* where the defendant was accused of "the crime of robbery with the use of a firearm."

In the case at bar the information, in giving the details of the crime, did state that the defendant was armed with a pistol. That detail was not an essential part of the information. In fact, in *Ridgeway* v. *State,* 251 Ark. 157, 472 S.W. 2d 108 (1971), the information, in charging an assault with intent to kill, stated that the assault had been made with a deadly weapon, namely, a knife. The proof, however, showed that the defendant had committed the assault by shooting the prosecuting witness twice with a pistol. We affirmed the conviction, rejecting the argument that there was a fatal variance between the information and the proof. Hence in the case at bar the prosecution could have obtained a conviction by showing that the robbery was committed with a knife or even with no weapon at all.

If the State intends to subject the accused to the possibility of fifteen years' additional confinement because a firearm was used, the information ought to be explicit in making that intention clear. That is, the information ought to charge robbery committed with the use of a firearm. Certainly a rule to that effect would impose no burden whatever upon the prosecuting attorney, but it would unmistakably in-

form the accused of the precise offense being charged. Surely that is the minimum to which he is entitled.