Juan CENTENO *v.* STATE of Arkansas

CR 75-170                                    537 S.W. 2d 368

Opinion delivered June 14, 1976

18

*Rodney T. Chambers,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Terry R. Kirkpatrick* and *Robert A. Newcomb,* Asst. Attys. Gen., for appellee.

J. FRED JONES, Justice. The appellant Juan Centeno was charged on several counts of burglary and grand larceny and was placed in the county jail pending trial. At his trial for burglary and larceny of guns from the Sam Crumpler home, the jury was unable to agree on the burglary charge but found him guilty of grand larceny. The jury was unable to reach a decision as to punishment and the trial judge sentenced the appellant to twelve years in the Arkansas Department of Correction.

On appeal to this court Centeno has designated the following points on which he relies for reversal:

The court erred in allowing appellee to introduce evidence of appellant's flight from confinement.

The court erred in allowing the appellee to ask questions of irrelevant matters prejudicing the jury.

We find no merit to either assignment.

At the trial of the case the sheriff was permitted to testify that after the appellant had been arrested and placed in jail he escaped from the jail and was again apprehended. The appellant contends that this testimony was inadmissible and

prejudicial to him in the trial of the charge on which he was being tried. He argues that since he was incarcerated in jail under charges of having committed several separate felonies, testimony pertaining to his escape from jail would be inadmissible as evidence of guilt on the particular charge for which he was being tried as distinguished from the other charges pending against him.

The appellant is apparently asking us to adopt an exclusionary rule discussed in Underhill's Criminal Evidence § 373, 5th ed., 1956, and 22A C.J.S. § 631 (1961), to the effect that evidence of an attempted escape by a prisoner in jail awaiting trial for two distinct crimes is not relevant to show that he is guilty of either. Although this exclusionary rule was followed by other state courts in two early cases, *People* v. *McKeon*, 64 Hun. 504, 19 N.Y.S. 486 (1892), and *State* v. *Crawford*, 59 Utah 39, 201 P. 1030 (1921), it has been rejected by several jurisdictions in more recent cases. *State* v. *Hudson*, 491 S.W. 2d 1 (Mo. App. 1973); *Archie* v. *State*, 488 P. 2d 622 (Okla. Crim. 1971); *People* v. *Neiman*, 90 Ill. App. 2d 337, 232 N.E. 2d 805 (1967); *Fulford* v. *State*, 221 Ga. 257, 144 S.W. 2d 370 (1965); *Chapple* v. *State*, 528 S.W. 2d 62 (Tenn. 1975). The rationale applied in these more recent cases is that the question of whether an escape shows consciousness of guilt of the offense on trial, when the defendant is also charged with other offenses, is a question of fact for the jury, going to the *weight* of the evidence, rather than a question of law for the court, going to the *admissibility* of the evidence. In Arkansas, evidence of an accused's flight is a circumstance to be considered along with other evidence in determining the accused's guilt. *Murphy* v. *State*, 255 Ark. 90, 498 S.W. 2d 884 (1973); *Rowe* v. *State*, 224 Ark. 671, 275 S.W. 2d 887 (1955). Thus, in Arkansas, the words of the Illinois Court in *People* v. *Neiman, supra*, for rejecting the exclusionary rule, are applicable.

It would seem inappropriate to hold evidence of attempted escape inadmissible against an accused who was awaiting trial on various charges, and to admit such evidence against the accused who was charged with only one offense. Such procedure would reward the professional criminal and punish the neophyte.

Also, in *Fulford* v. *State, supra,* the Supreme Court of Georgia said:

> It would place upon the State an impossible burden to prove that one charged with multiple violations of law fled solely because of his consciousness that he committed one particular crime. It is better logic to infer that the defendant, who is charged with several offenses, fled because of a conscious knowledge that he is guilty of them all.

In *Chapple* v. *State, supra,* the Court of Criminal Appeals of Tennessee said: "[W]e think the attempted escape when in confinement on both of the charges would be relevant on the trial of either."

The appellant's second point is directed at various names and Social Security numbers discovered by the investigating officers in connection with their investigation. Other witnesses had testified that the appellant had used an alias in pawning guns allegedly taken from the Crumpler residence. In *Glover* v. *State,* 194 Ark. 66, 105 S.W. 2d 82 (1937), this court said:

> It is an accepted rule that a relevant fact will not be rejected because not sufficient in itself to establish the whole or any definite portion of a party's connection, "but all that is required is that the fact must legitimately tend to prove some matter in issue, or to make a proposition in issue more or less probable. Indeed, it is sufficient if the fact may be expected to become relevant in connection with other facts, or if it forms a link in the chain of evidence necessary to support a party's contention, although requiring other evidence to supplement it." 22 C.J. § 91, page 164.

The appellant also argues that the trial judge made prejudicial comments in connection with the Social Security numbers. The trial judge inquired whether the appellant actually used one of the spurious Social Security numbers in connection with the transaction involved and the answer was that he did not. Furthermore, the appellant failed to object to the judge's comments as comments on the evidence and,

therefore, waived his right to argue this issue on appeal. *Powell* v. *State*, 231 Ark. 737, 332 S.W. 2d 483 (1960). The appellant also argues that the court erroneously permitted cross-examination of the appellant concerning his guilt in other criminal activities. We find no merit in this contention. *Butler* v. *State*, 255 Ark. 1028, 504 S.W. 2d 747 (1974).

The judgment is affirmed.