Barney B. NORTON *v.* STATE of Arkansas

CR 76-54 540 S.W. 2d 588

Opinion delivered September 20, 1976

*Thomas & Nussbaum,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Jack Lassiter,* Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. Certain merchandise was removed from the golf course pro shop at Diamondhead Resort in Garland County. Norman Hall, chief of security, and Richard James, golf course superintendent, were notified and located a missing golf cart used to facilitate removal of the stolen articles. The merchandise was heaped on a canvas cover which had been removed from the cart. Hall and James set up surveillance of the cart and merchandise. Shortly thereafter an automobile approached with three passengers. The occupants of the car while in the process of transporting the stolen items from the cart to the vehicle were confronted by Hall and James. The two men carrying the goods fled, and Hall fired a shot over their heads. One of the men, Robert Lisenby, fell to the ground and was apprehended. The second continued his escape. The third, identified as appellant Barney Norton, fled in the car to a point on the road where he picked up the unknown suspect. As Hall and James approached the car Norton fired three shots at them. Search of Lisenby disclosed a key to a motel room in which appellant Norton was later found and arrested.

Appellant was charged and found guilty of assault with intent to kill by use of a firearm in violation of Ark. Stat. Ann.

§ 41-606 (Repl. 1964)[1] and Ark. Stat. Ann. § 43-2336 (Supp. 1975).

On appeal appellant first questions the procedure utilized by the trial court in impaneling the jurors. Ark. Stat. Ann. § 43-1903 (Repl. 1964) and *Clark* v. *State,* 258 Ark. 490, 527 S.W. 2d 619 (1975), require that the State exercise its peremptory challenges prior to exercise of challenges by the defendant. The court allowed, and appellant participated in, simultaneous exercise of jury challenges without objection. Since no objection was made appellant cannot now rely on the alleged error. *Ford* v. *State,* 253 Ark. 5, 484 S.W. 2d 90 (1972). See also *Tanner* v. *State,* 259 Ark. 243, 532 S.W. 2d 168 (1976).

Appellant also suggests error in the trial court's denial of his request for a directed verdict. Only when no issue of fact exists is a directed verdict proper. The testimony of Norman Hall and Richard James was sufficient to warrant submission of the issue of identification to the jury, and the issue was resolved against appellant. We affirm if there is any substantial evidence to support the verdict. *Burks* v. *State,* 255 Ark. 23, 498 S.W. 2d 336 (1973).

Appellant's counsel at the trial objected to the court's instruction no. 5 as being inaccurate because neither Hall nor James owned the stolen property. The court revised the instruction to show the property as belonging to the Diamondhead Pro Shop. After the court revised the instruction appellant made no further objection. He now complains the instruction in effect made a judicial comment on the evidence. A failure to point out to the court the particular objection and the grounds therefor precludes appellant from raising the point for the first time on appeal. *Ford* v. *State,* supra, and *Cassidy* v. *State,* 254 Ark. 814, 496 S.W. 2d 376 (1973).

Appellant next contends it was error for the State's witnesses to testify that appellant refused to sign the rights form. The burden is upon the State to prove that appellant was advised of his constitutional rights and the questioned

[1]Since repealed by Acts 1975, No. 928, § 3, effective January 1, 1976.

testimony was offered for this purpose. Appellant raised no objection to the introduction of the rights form into evidence at the trial. His failure to object precludes consideration of this contention on appeal. *Ford* v. *State,* supra.

Appellant alleges error in the asking of questions concerning his connection with suspected crimes. A witness on behalf of appellant was asked if he had ever solicited appellant's services for the purpose of burning a restaurant. The record reflects the State accepted the negative answer of the witness. Appellant was also questioned as to his guilt in other suspected crimes occurring in Colorado and Arkansas. Appellant denied any involvement in the mentioned crimes. In no instance did the State argue with appellant about his answers. Neither is there any indication of a lack of good faith since all of the crimes about which appellant was asked appeared on his arrest record. We have held that it is permissible to ask a defendant, in good faith, if he is guilty of committing a named criminal offense. *Moore* v. *State,* 256 Ark. 385, 507 S.W. 2d 711 (1974). See also *Williams* v. *State,* 257 Ark. 8, 513 S.W. 2d 793 (1974).

Appellant also argues that the court erred in allowing the jury to defer to the trial court in the setting of punishment. Although unanimous in determining the guilt of appellant, the jury was unable to agree upon the penalty. Ark. Stat. Ann. § 43-2306 (Repl. 1964) provides that the court may assess the punishment in such cases. Therefore, this contention is without merit.

The court with appellant and his lawyer both present made the following statement before imposing sentence:

> When you were arraigned, you were informed that the penalty on assault with intent to kill involved the possibility of imprisonment for a period of not less than 1 nor more than 21 years and that the use of the firearm permitted the Court to add an additional 15-year sentence which means that the sentences could run from 1 to 36 years without any question.

The court continued:

Mr. Norton, based upon the jury verdict in finding you guilty of the offense with assault with intent to kill by use of a firearm as charged, the Court finds that you are convicted and it is so adjudged; and it is further adjudged that you are committed to the custody of the Department of Corrections or its authorized representatives for imprisonment for a period of 30 years in the State Penitentiary; and that you are to serve at least 10 years of said term prior to parole.

At no time was any objection made to the sentencing procedure — or any request made for the court to indicate the term imposed under each statute. Ark. Stat. Ann. § 43-2337 (Supp. 1975) provides the term of confinement under the firearms enhancement statute shall run consecutively to the period of confinement for the felony conviction, and appellant has suffered no prejudice by the court's action. Section 43-2306 provides that when a jury fails to agree on the punishment the court shall assess the punishment. Thus the action of the court does not constitute reversible error since the time imposed was within the discretion of the trial court and also within statutory limits. In *Thornton* v. *State*, 243 Ark. 829, 422 S.W. 2d 852 (1968), we observed that:

> * * * It is within the discretion of the trial court to fix sentences *within* the limits prescribed by law, . . . . (Italics supplied.)

There is nothing to show any abuse of discretion by the trial court.

There being no reversible error, the judgment is affirmed.

We agree. HARRIS, C.J., and BYRD and HOLT, JJ.